## McCullough, Jr., *v.* Large and others.

(*Circuit Court, W. D. Pennsylvania.* May 23, 1884.)

1. INTERNAL REVENUE—LEVY BY SHERIFF ON WHISKY IN BONDED WAREHOUSE.

    Whisky deposited in a bonded warehouse of the United States, and held therein for internal revenue tax due the government, is virtually in the possession of the United States, and a sheriff has no right to enter such warehouse and seize, in execution, such whisky as the property of the defendant in a writ of *fieri facias* in his hands, even though he may offer to pay the tax.

2. SAME—REMOVAL OF CAUSE—RULE ON COLLECTOR TO SHOW CAUSE—CONTEMPT OF STATE COURT.

    A rule upon a United States internal revenue collector, granted by a state court, upon the petition of the sheriff, to show cause why an attachment should not issue against him for contempt of the process of said court in refusing to permit the sheriff to enter a bonded warehouse of the United States and seize, in execution, whisky held therein for internal revenue tax, is a "civil suit" removable into the United States circuit court under section 643 of the Revised Statutes.

3. SAME—JURISDICTION OF CIRCUIT COURT—WHEN ATTACHES—REV. ST. § 643.

    Where a cause is removable under said section 643, the jurisdiction of the circuit court attaches upon the filing therein of a proper petition, and, upon the delivery of the prescribed process issued to the state court, the jurisdiction of the latter court is wholly divested, so that its subsequent orders are *coram non judice* and void.

*In re* Petition of William McCallin, sheriff of Allegheny county, for a rule upon Frank P. Case, United States collector of internal revenue, etc.

*Wm. A. Stone,* U. S. Atty., for F. P. Case, U. S. Int. Rev. Collector.

Before BRADLEY and ACHESON, JJ.

ACHESON, J.    William McCallin, sheriff of Allegheny county, presented his petition to the court of common pleas, No. 2, of said county, setting forth that Henry Large, the defendant in a writ of *fi. fa.* issued out of said court, was the owner of about 300 barrels of whisky, subject to an internal revenue tax of 90 cents per gallon due the United States, stored in a certain warehouse on his premises, which he, (the sheriff,) by virtue of said writ, was proceeding to seize and take in execution, when he was hindered and prevented by Frank P. Case,

collector of internal revenue for the Twenty-second collection district of Pennsylvania, who refused to permit him to enter said warehouse to levy upon, seize, and remove said whisky, although by direction of James McCullough, the plaintiff in the writ, the sheriff offered to pay to the collector the government taxes and liens against the same, which the collector refused to receive; and the petition concluded with the prayer that the court grant a rule upon the said Frank P. Case to show cause why an attachment should not issue against him for contempt of the process of the court, and for obstructing and interfering with the sheriff while engaged in executing said process, and that he (the sheriff) might have such remedy and relief in the premises as to right and justice might appertain. Thereupon the court made the following order:

"And now, February 23, 1884, the within petition presented, considered, and ordered to be filed; and, on motion of John Barton and W. C. Moreland, attorneys for James McCullough, Jr., and Wm. McCallin, sheriff, the court does order and grant a rule on Frank P. Case to appear and answer said petition, and to show cause why an attachment should not issue against him for contempt of the process of this court for obstructing the sheriff of said county in the execution of its process; said rule returnable on Saturday, March 8, 1884, at 10 A. M."

On March 5, 1884, Mr. Case presented his petition in this court, under section 643 of the Revised Statutes, which provides for the removal into the circuit court of the United States for the proper district of "any civil suit" or criminal prosecution commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer under any such law. This petition being strictly conformable to the statute, this court, as thereby directed, issued a writ of *certiorari* (which was duly delivered) to the said court of common pleas, requiring it to send to the circuit court the record and proceedings in the said cause against the collector. With the requirement of the writ of *certiorari* the court of common pleas has failed to comply, nor has it made any return to the writ. We need scarcely say, however, that in a case removable, under the statute, the jurisdiction of the circuit court attaches upon the filing therein of a proper petition, and upon the due delivery of the prescribed process, issued to the state court, the jurisdiction of the latter court is wholly divested, so that its subsequent orders are *coram non judice* and void. *Davis v. South Carolina,* 107 U. S. 597; S. C. 2 Sup. Ct. Rep. 636.

That the proceeding here against the collector is a "civil suit," removable under section 643, Rev. St., is entirely clear. *Weston v. City Council of Charleston,* 2 Pet. 449, 464. Defining a "suit," within the meaning of the judiciary act of 1789, Chief Justice MARSHALL there says:

"The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit."

An authenticated copy of the record and proceedings in the court of common pleas has been filed, as authorized by the statute, in this court by the collector, who has also here filed his answer to the petition of the sheriff and to the rule to show cause.

It appears that the warehouse in which the whisky in question was and is stored is a distillery warehouse, under section 3271 of the Revised Statutes, and, with its contents, subject to the provisions of that and other sections of title 35, "Internal Revenue," and of the amendatory act, approved May 28, 1880, (21 St. at Large, 145.) It is a bonded warehouse of the United States, under the direction and control of the said Frank P. Case, the collector of the district, and in charge of the internal revenue store-keeper assigned thereto. The entry for deposit in such warehouse is to be made by the distiller or owner of the distilled spirits, under oath, specifying the kinds of spirits, the whole number of packages, the marks and serial numbers thereon, and other particulars. Section 3294 of the Revised Statutes, as amended by the act of March 1, 1879, (20 St. at Large, 337,) and section 5 of the act of May 28, 1880, (21 St. at Large, 146,) regulates the withdrawal of spirits from the warehouse on the payment of the tax thereon. Such withdrawal can only be made on application to the proper collector, on making a withdrawal entry in duplicate, in a prescribed form. Such entry must specify the whole number of casks or packages, with the marks and serial numbers thereon, the number of gauge or wine gallons, and of proof gallons and taxable gallons, and the amount of the tax on the distilled spirits contained in them at the time they were deposited in the distillery warehouse; and said entry must also specify the number of gauge or wine gallons and of proof gallons and taxable gallons contained in said casks or packages at the time application shall be made for the withdrawal thereof, all of which must be verified by the oath of the person making such entry; and the removal is to be made upon the order of the collector, addressed to the store-keeper in charge, and after the gauging, stamping, and branding of the casks by United States officials. Section 3295. These sections, we think, preclude the exercise by the sheriff of the authority claimed by him here. It is plain that such officer cannot make the sworn withdrawal entry required by the statute, and, in fact, in the present instance the sheriff did not propose so to do. We find no provision in any part of the internal revenue laws giving countenance to the idea that a sheriff has a right to enter a bonded warehouse of the United States and seize spirits held therein for government tax, as the property of the defendant in

an execution in his hands, even though he may offer to pay the tax.

Our conclusion that the whisky in question was not liable to seizure by the sheriff is well sustained by adjudged cases.

In *Harris* v. *Dennie*, 3 Pet. 292, the supreme court held that the United States having a lien on imported goods for the payment of duties accruing on them and not secured by bond, and being entitled to the custody of them from the time of their arrival in port until the duties are paid or secured, an attachment thereof by a state officer is an interference with such lien and right to custody, and, being repugnant to the laws of the United States, is void. There, at the time of the attachment, the sheriff offered to give security for the duties, which the collector declined accepting.

In *Fischer* v. *Daudistal*, 9 FED. REP. 145, a writ of foreign attachment from a state court was served on the United States collector at the port of Philadelphia, and the attaching creditor tendered him the duties on the imported goods sought to be reached, which tender was declined. Thereupon the court from which the attachment issued granted a rule upon the collector to show cause why he should not receive the duties and surrender the goods into the custody of the court. The case having been removed into the United States circuit court, was argued before Judges McKennan and Butler, and the service of the attachment as to the collector set aside, on the ground that it would not lie. against him in respect to goods of the defendant held for duties.

The present case is not distinguishable in principle from those above cited. The whisky in question was virtually in the possession of the United States,—held for internal revenue taxes,—and the sheriff could not rightfully disturb that possession. The collector, therefore, was guilty of no contempt or unlawful obstruction of the process of the court of common pleas when he refused to permit the sheriff to enter the bonded warehouse of the United States and make the proposed levy.

Mr. Justice BRADLEY authorizes me to say that he concurs in this opinion and in the following order:

And now, May 23, 1884, this cause having been heard and duly considered by the court, the rule granted by the court of common pleas, No. 2, of Allegheny county, Pennsylvania, upon Frank P. Case, United States collector of internal revenue, to show cause why an attachment should not issue against him, etc., is discharged; and it is ordered, adjudged, and decreed that the aforesaid petition of William McCallin, sheriff of said county, be dismissed, at his costs.                    By THE COURT.