## THE MARION.

(District Court, D. New Jersey. January 15, 1900.)

SALVAGE—SEIZURE—CARGO IN HANDS OF COLLECTOR OF CUSTOMS.

For salvage services in rescuing a vessel and cargo the latter cannot be libeled and seized so as to dispossess a customs officer holding the same under the customs laws.

Alexander & Ash, for libelants.
Black & Kneeland, for underwriters.
Carpenter & Park, for claimant barge Marion.
J. Kearny Rice, U. S. Atty.

KIRKPATRICK, District Judge. On the 7th day of September, 1899, a fire broke out at pier 47, Erie Basin, in Brooklyn, which endangered the safety of the barge Marion and her cargo. The tug Willie went to the assistance of the barge, towed her out of danger, and extinguished the fire which had communicated to her and her cargo. On the 8th day of September—that is to say, the following day—a libel was filed in this court on behalf of the said tug against the barge Marion and her cargo for salvage, and on the same day the marshal of the district, as appears by his return made into court, at-

tached the lighter and cargo by taking them into possession, placed a keeper in charge, and gave notice to all persons claiming the same that this court would, on the 26th day of September, 1899, proceed to the trial and condemnation should no claim be interposed for the same. On the 22d day of September, 1899, application was made to the court by the collector of customs of the port of New York that the seizure of the said goods by the marshal be vacated and set aside, and that the possession of same be restored to him under and by virtue of the customs laws of the United States. It appearing upon examination of the facts that the goods were in the possession of the collector of customs under and by virtue of the customs laws of the United States at the time of the seizure by the said marshal, this court made an order on said day vacating the seizure of said cargo, and restoring the same to the custody and possession of the collector of customs of the port of New York, and to be forwarded by him in accordance with the provisions of the bonds entered into, and with the form of the act of congress in such cases made and provided. Subsequently, on the 30th day of October, upon the application of the proctors for the libelants, this court granted a rule to show cause requiring the collector of customs of the port of New York to show cause before this court why the order heretofore made on September 22, 1899, quashing the levy and seizure made by the United States marshal of this district upon the 1,313 packages of tea and 88 cases of dessicated cocoanut—being the cargo of the above-mentioned barge—should not be vacated and set aside, and the said levy and seizure of the said marshal reinstated. On the 3d day of November, 1899, the collector of customs of the port of New York filed his answer in this court to said rule to show cause, which answer set forth that the barge Marion was a bonded lighter; that her cargo was composed of imported goods, which were subject to the payment of customs duties to the United States, and upon which said duties had not been paid; that the goods composing the said cargo were held by the collector of customs for the purpose of being forwarded in bond to a foreign port under the provisions of law. These allegations are not denied. It is alleged in the answer that the person appointed by the collector of customs to the care and custody of the goods was actually and forcibly removed from his possession of them, though this is denied. It is, however, immaterial, for by his seizure and levy and placing a keeper in charge the marshal took the actual possession of the property and thereby ousted the collector, since there could be no concurrent possession of marshal and collector. It is now sought to vacate the order of September 22, 1899, setting aside the attachment and directing the marshal to restore said cargo to the possession of the collector of customs.

I have examined the authorities cited in the briefs of counsel, and find no case where in a suit between private parties the customs authorities of the United States have been deprived of their lawfully acquired possession of property which was held by them under the customs laws of the United States. That property in the possession of the United States cannot be levied on by private citizens to enforce private claims, and that United States officers cannot, except

as provided by statute, be made parties to private litigation, and compelled to defend the rights of the United States in such suits, has been accepted doctrine since Harris v. Dennie, 3 Pet. 292, 7 L. Ed. 683, and Taylor v. Carryl, 20 How. 596, 15 L. Ed. 1028. It is true that in these cases the writ to be served was issued out of the state court, but the right of possession is the same whether it be attacked by process from state or federal courts. This view of the law is taken by the attorney general of the United States in an opinion to be found in 19 Op. Attys. Gen. 101. In Fischer v. Daudistal (C. C.) 9 Fed. 145, a writ of attachment was issued out of the state court and served on the collector of customs of the port of Philadelphia against goods in his possession, the property of a nonresident debtor. Notwithstanding the fact that a tender of the duties was made by the attaching creditor, the collector refused to surrender the goods. The case was removed to the United States circuit court, where a motion was made to remand the case. The circuit court retained jurisdiction, and, after consideration, entered a decree vacating and setting aside the attachment. No opinion was filed in the above cause, but the result would no doubt have been the same had the attachment originally issued out of the United States circuit court. The question involved was that of the right of the collector of customs to retain possession of goods imported and liable to customs duty as against one having a claim against the owner, and therein it differed from the case of the yacht Conqueror in Re Fassett, 142 U. S. 479, 12 Sup. Ct. 295, 35 L. Ed. 1087, where the dispute related to the liability of the yacht for the payment of duty, and whether, pending the determination of that question, the collector of customs or the owner was entitled to possession. It was claimed that the yacht had been seized by the collector illegally, and detained without warrant of law. It was necessary for the owner to invoke the aid of the courts for the determination of his rights, and, the suit having been properly begun in the only tribunal before which it could be tried, the court held that the possession of the yacht was a matter subject to its orders and decrees. In the case at bar this court merely restored to the collector of customs that custody and possession of the seized goods to which he was by law entitled, and of which he was improperly deprived. The court is always ready upon proper representations to make orders for the protection of private interests, but it cannot recognize any right whereby individuals in suits between themselves, except as specially provided by statute, may, under the form of legal process, deprive the customs officers of the United States of the possession of goods which they hold subject to the customs laws of the United States. It is apparent that, should such practice prevail, it would result in endless litigation, and render the customs laws practically impossible of enforcement. The rule to show cause will be discharged.