GALVESTON, H. & S. A. RY. CO. v. TERRAZAS. (No. 391.)

(Court of Civil Appeals of Texas. El Paso. Nov. 25, 1914.)

COURTS (§ 497*)—JURISDICTION—PROPERTY IN BOND—CUSTODY OF LAW.

Under Act Cong. March 2, 1833, c. 57, 4 Stat. 632 (U. S. Comp. St. 1913, § 1560) providing that all property taken or detained by any officer under any revenue law shall be irrepleviable and shall be deemed in the custody of the law subject only to the orders of the federal courts, and Act Cong. Feb. 23, 1887, c. 215, 24 Stat. 411 (U. S. Comp. St. 1913, § 5698), providing that merchandise transported in bond shall not be unladen or transshipped between the ports of first arrival and final destination, unless authorized by the regulations of the Secretary of the Treasury, property introduced from without the United States and in the possession of a carrier for transportation in bond, is beyond the jurisdiction of the state courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1386, 1397, 1398, 1404–1406; Dec. Dig. § 497.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Luis Terrazas against the Galveston, Harrisburg & San Antonio Railway Company. From an order granting a temporary injunction, defendant appeals. Reversed and remanded, with directions.

Coldwell & Sweeney and Beall & Kemp, all of El Paso, for appellant. Davis & Goggin, of El Paso, for appellee.

HIGGINS, J. Terrazas sued the Galveston, Harrisburg & San Antonio Railway Company to recover the title and possession of 1,158 bundles of hides. It was alleged that the hides had been introduced into the United States from the Republic of Mexico, and were then situate in El Paso county in the possession of defendant, whose purpose it was to transport same out of the state and county and beyond the jurisdiction of the court. It sufficiently appears from the allegations of the petition that the hides were in defendant's possession as a carrier, for transportation in bond, and the plaintiff averred that he was willing and able to pay any import duties which might be due upon said hides, and held himself ready to do so upon the surrender thereof to him, and he offered to enter into bond to protect the railway company or the government of the United States against loss of any kind arising by reason of the detention of said hides in the possession of the company under injunction. A preliminary injunction was asked, restraining defendant from removing the hides from the county and state and from delivering same to any other person. The injunction was granted, and defendant appeals, assigning as error that same was improperly issued, because the property was in custody of the law, being taken and detained by defendant under authority of the revenue laws of the United States, and was subject only to the orders and decrees of the courts of the United States having jurisdiction and because such injunction interfered with and prevented the transportation and disposition of said property in accordance with the national revenue laws.

By the second section of "an act further to provide for the collection of duties on imports" approved March 2, 1833, it was provided that:

"All property taken or detained by any officer or other person under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." 4 U. S. Statutes at Large, 632.

This was carried forward in section 67 of the act of July 13, 1866, chapter 184, 14 U. S. Statutes at Large, p. 98, at 172. It was also incorporated into the Revised Statutes of 1878 under title 13, relating to the judiciary, and there appears as section 934.

By the act of February 23, 1887, it was provided:

"That merchandise transported under the provisions of this act shall be conveyed in cars * * * under the exclusive control of the officers of the customs. * * * Such merchandise shall not be unladen or transshipped between the ports of first arrival and final destination, unless authorized by the regulations of the Secretary of the Treasury in cases which may arise, * * * or from legal intervention * * *." 24 U. S. Statutes at Large, 411.

The assignment is well taken. The language of the statute is plain. Property introduced into the United States and in possession of a carrier for transportation in bond is within its purview and to allow state courts to interfere therewith or control its disposition by injunction or other process would be in direct conflict with the declaration that it should be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof. Counsel have cited no case in point, and we have

been unable to find any, but in support generally of the views here expressed, see Ableman v. Booth, 21 How. 506, 16 L. Ed. 169; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390; Harris v. Dennie, 3 Pet. 292, 7 L. Ed. 682; The Marion (D. C.) 99 Fed. 448; McCullough v. Large (C. C.) 20 Fed. 312; May v. Hoaglan, 72 Ky. (9 Bush.) 171.

The status of goods in bonded warehouses is quite, if not wholly, analogous to goods transported in bond, and that the United States Treasury Department regards property in a bonded warehouse as in no wise amenable to process of state courts is evidenced by an official communication of the assistant secretary, dated May 12, 1898, and to which reference is made as throwing some light upon the subject here considered. The material portion thereof reads:

"Sir: The department is in receipt of your letter of the 6th instant, with accompanying exemplified copy of a judgment roll, relating to the case of Dwight P. Cruikshank against G. I. E. Geisderver and A. E. Noe, trading as Hegelmaier & Co., in an action for breach of contract.

"It appears from the facts submitted by you as attorney for Mr. Cruikshank that a certain importation had been consigned by Hagelmaier & Co., who are Holland merchants, to your client, in pursuance of an arrangement by which he was to make payment within sixty days. The bill of lading, however, was forwarded to Messrs. Knauth, Nachod & Kuhne, of New York City, with instructions to deliver the same upon payment of cash only, which latter proposition was refused by your client, Mr. Cruikshank, on the ground that it was contrary to the terms upon which the purchase was made, and he, therefore, refused to take the bill of lading on the above terms, and the goods were then sent to 'Campbell's Stores,' in Hoboken, N. J., under 'general orders.'

"Suit was brought in the circuit court for Hudson county, in the state of New Jersey, with the result that judgment was rendered in the said court in favor of the plaintiff, Cruikshank, against the said defendants for $2,566.32 and costs.

"Execution was issued on the judgment, and the sheriff attempted to levy on the goods in question while in warehouse under general order, but recognition of the writ of execution upon the judgment was refused, and your request, in behalf of your client, that the customs officials be instructed to release the goods, alleging that the merchandise is free of duty, and that there are no charges against the importation except for storage, which your client is willing to settle on receipt of the goods.

"In reply, you are informed that the so-called Customs Administrative Act of June 10, 1890, provides, among other things, 'that all merchandise imported into the United States shall, for the purpose of this act, be deemed and held to be the property of the person to whom the merchandise may be consigned; but the holder of any bill of lading consigned to order and indorsed by the consignor shall be deemed the consignee thereof,' and section 934 of the Revised Statutes, after declaring that 'all property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable' provides further that all such property so taken or detained 'shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having juris-

diction thereof.' You will perceive, therefore, that merchandise in bonded warehouse, or in customs custody, is not subject to the orders, judgments or decrees of any state court, and no state officer has any control over it; such liens or executions can only attach upon a full discharge of the goods from such custody."

See Decision No. 19340, vol. 1, Synopsis of Decisions, Treasury Department, p. 721.

Our attention has been directed to Conard v. Pacific Insurance Co., 6 Pet. 262, 8 L. Ed. 392, which contains expressions not wholly in accordance with the views expressed, but this case was decided in 1832, prior to the enactment of the statute here considered.

Peabody v. Maguire, 79 Me. 572, 12 Atl. 630, is also cited. D. and J. Maguire were the principal defendants. Chase, Leavitt & Co. were joined as trustees. The property which the trustees held was in a bonded warehouse, and it was simply held that this circumstance afforded no reason why it was not subject to trustee process, since it was in the constructive possession of, and subject to the control of, the trustees. In some of the New England states garnishment proceedings are denominated a trustee process, and is in substance an equitable proceeding to determine the ownership of funds or property in dispute. 20 Cyc. 978. Conceding this holding to be correct, it is nevertheless apparent that the case is readily distinguishable from a proceeding to render such property directly subject and amenable to state process.

The injunction is dissolved, and cause reversed and remanded, to be disposed of in a manner conformable to this opinion.

WALTHALL, J., did not sit in this case.