PANOS A. RAFTES, Plaintiff, *v.* DEMETRIUS ARGYROPULO and CHRISTO CONTOTHEODOROU, Defendants.

Supreme Court, New York Special Term, July 7, 1924.

Attachment — property liable — tobacco was shipped into this country consigned to trust company as agent — attachment cannot be levied against tobacco in possession of government in bonded warehouse in action against owner who is consignor — attachment would be in violation of United States Revised Statutes, § 934 — attachment may be levied against right of consignor to accounting by consignee.

Tobacco which is shipped into this country by the owner consigned to a trust company, as agent, cannot be attached in an action against the consignor while it is in the possession of the United States government in a bonded warehouse to await the payment of duties or reshipment without payment of duties. The attachment under those circumstances would be void as in violation of section 934 of the United States Revised Statutes.

But the right of the consignor to an accounting by the consignee, a trust company, which has no beneficial interest in the property, is intangible property and may be attached.

MOTION to vacate levy made under warrant of attachment.

*House, Grossman & Vorhaus (Louis J. Vorhaus,* of counsel), for the plaintiff.

*Morris, Plante & Saxe* (*Harold S. Rankine,* of counsel), for the defendant Argyropulo.

TIERNEY, J.  The tobacco in question is actually in this country, but only provisionally.  It has been admitted only to the extent of coming into the possession of the government to await the payment of duties or reshipment without payment of duties.  While it remains in this status it is conceded that a levy may not be made on it under a warrant of attachment.  It has a privileged presence here that may be terminated by a withdrawal for reshipment or its presence may become unrestricted by a payment of the duties. If the holder of the bonded warehouse receipt gives order  or reshipment the government can release its possession only for that purpose.  No duties would accrue, but the reshipment would have to be made to enable the government to release possession.  There is no interval between the possession by the government and the reshipment.  The goods in legal effect would never have been in this country except in the possession of the government, where they are immune from attachment.  These goods were consigned to the Irving Bank-Columbia Trust Company.  They were placed in the bonded warehouse by it and it received and holds a non-negotiable receipt therefor.  The legal title to the goods and to the warehouse receipt is in the trust company.  The trust company disclaims any beneficial interest therein.  The goods were the property of one of the defendants and consigned by him and the trust company is actually acting only as an agent in holding title to the goods.  It must account to the owner for its acts as agent.  Whatever proceeds it may receive from a disposition of its title to the goods it may not retain for its own use and the former owner has a cause of action against it for an accounting. This right is intangible property that may be the subject of a levy.  On this application to vacate an attempted levy it is not necessary for me to determine the rights of the parties except to find whether there is any property of the defendant in the way of a chose in action that is subject to a levy that is independent of the possession of the goods by the government.  If the levy stands the further proceedings of the sheriff to enforce the levy will call for a determination of the rights of the parties, of whether the sheriff can compel the trust company to surrender the warehouse receipt or give an order for the delivery of the goods on payment of the duties, of whether the reshipping of the goods instead of having them admitted on payment of duties, if the trust company takes the responsibility of so acting, relieves it of responsibility to account for their disposition and such matters.

There is no occasion or propriety for me to pass on such questions by anticipation. The possession of the goods by the warehouse company is that of the government. In so far as a levy has been attempted to be made against the warehouse company as a third party holding goods in which the defendant has an interest I think that it is void as in violation of the federal statute (U. S. R. S. § 934). It constitutes an attempt to levy on goods that congress says shall be immune. The motion to vacate the levy in so far as it affects the warehouse company is granted and the motion to vacate the attachment and levy is otherwise denied.

Ordered accordingly.