FOURNET, Chief Justice.
The plaintiff, Universal Commercial Corporation, is appealing from a judgment of the district court maintaining the exception to its jurisdiction ration» materi» filed by the United States of America, intervenor in the plaintiff’s garnishment suit against the Douglas Public Service Corporation, under which it sought to attach three cases of merchandise belonging to the defendant, Esteban Ronai, doing business as Marroquineria Universal, in satisfaction of an alleged $10,422.81 claim.
The facts of the case as developed in the answers to the interrogatories the plaintiff propounded to a number of successive garnishees are, substantially, that the merchandise sought to be attached — three cases containing leather goods for ladies, such as handbags and belts — -was shipped from Buenos Aires on August 31, 1946, by Marroquineria Universal, Lwowicz y Ronai, consigned to I. L. Maduro, Jr., S. A. of Panama, and was to be handled through the port of New Orleans by D. C. Andrews & Co., Inc. When the cases arrived on October 6, 1946, aboard the S.S. “Cuba Victory” and were unloaded at the wharf of the Mississippi Shipping Company, Inc., I. L. Maduro, Jr., who had previously been notified by Andrews of the pending arrival of the shipment, was requested tO' furnish the necessary documents in order that the goods might be forwarded to him in Panama. No reply having been received from Maduro and the goods, as a consequence, remaining unclaimed within the time allegedly allowed by customs for entry, the Mississippi Shipping. Company, Inc., on November 25, 1946, transferred these three cases, under orders of the Collector of Customs, to the Customs General Order Warehouse, which, in this case, appears to have been the Appalachian Warehouse of the Douglas Public Service Corporation.
On February 20, 1947, the plaintiff, setting out certain claims it held against the *1002 defendant shipper in the amount of $10,-422.81, sought to have the goods then in the Douglas warehouse attached and seized by the civil sheriff of the Parish of Orleans in satisfaction of this claim, only to be met by the intervention of the United States government in the form of an exception to the jurisdiction of the court ration® materi®, based on the fact that the merchandise sought to be attached had been, since its entry into the United States, detained by the Collector of Customs at New Orleans under the authority of the revenue laws of the federal government and was then being held in the Douglas warehouse as “unclaimed merchandise.”
Through interrogatories propounded to additional garnishees, it was then established that on August 12, 1947, Westfeldt Brothers of New Orleans, Louisiana, acting upon instructions received by the Whitney National Bank of that city, surrendered one of the bills of lading covering the shipment (the other bill and the insurance policy covering the merchandise was still in the possession of Westfeldt at the time its answer was filed) to the Mississippi Shipping Company, and, paying the freight on the shipment, received in return a carrier’s certificate that it attached to an export entry in customs in order that, acting as custom house brokers and forwarding agents, it might reship the three cases “consigned to shipper’s order notify the branch of The National City Bank of New York in Buenos Aires.”
This answer of Westfeldt Brothers was filed on November 10, 1947, and, on November 26 thereafter, the trial court, maintaining the exception of the United States, dissolved the writ of attachment “in so far as it affects the property heretofore seized thereunder by the Civil Sheriff of the Parish of Orleans.” From this judgment the plaintiff appealed both suspensively and devolutively.
The intervenor’s plea to the jurisdiction is based on the provisions of Section 747 of Title 28 of the United States Code Annotated, which are as follows: “All property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.” (This section was repealed in 1948 but incorporated in Section 2463 of the new Title 28, with only slight changes in phraseology, and, as now enacted, reads: “All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.”) (Italics ours.)
The jurisprudence of both the state and federal courts is in accord therewith, with the result that such property is considered to be so exclusively held and dominated *1004 by the government that not even the owner’s creditors can seize 'it through attachment or other process. See, Harris v. Dennie, 3 Pet. 292, 28 U.S. 292, 7 L.Ed. 683; General Exporting Co. v. Star Transfer Line, 6 Cir., 136 F.2d 329; Peabody v. Maguire, 79 Me. 572, 12 A. 630; State v. Intoxicating Liquors, 119 Me. 1, 109 A. 257; Raftes v. Argyropulo, 123 Misc. 738, 206 N.Y.S. 284; Conard v. Pacific Insurance Company, 6 Pet. 262, 8 L.Ed. 392; and Galveston, H. & S. A. Ry. Co. v. Terrazas, Tex.Civ.App., 171 S.W. 303.
It is obvious, therefore, that at the time the writ of attachment was sought in this case and the Douglas Public Service Corporation was garnisheed the merchandize sought to be seized, having been placed in the warehouse of the garnishee by the Collector of Customs, was beyond the reach of the orders of our state courts and that the trial judge properly maintained the exception .to its jurisdiction.
However, since this case was submitted and the opinion written, the plaintiff has filed a brief in which it urges that Section 747 of Title 28 of the U.S.C.A. has no application here for the reason that this merchandise, originally destined for Panama, is not subject to any duties or charges under Section 1553 of Title 19 of the U.S. C.A., which provides that “Any merchandise * * * shown by the * * * ■bill of lading * * * to be destined to-a foreign country, may be entered for transportation in bond through the United States, by a bonded carrier without appraisement or the payment of duties * * *further, that the property cannot be considered' as unclaimed or abandoned merchandise within the meaning of Section 1491 of Title-19 of the U.S.C.A., as contended by the-United States in brief, for the reason that within the period of one year after the arrival of the merchandise in this country,, the time limit fixed in Section 1491, the shipper issued instructions for its return to. the point of origin and the designated forwarding agent, Westfeldt Brothers, took, the necessary steps to carry out these instructions.
It may well be that there is merit to> both of these contentions. However, they are arguments that must be urged before-the custom authorities and finally determined in the federal courts, ‘if the plaintiff desires to- carry its case that far. .They can have no bearing on the issues before us for the reason that the attachment herein issued, being an order of a court having, no jurisdiction rationse materias, was void ab initio.
For the reasons assigned, the judgment appealed from is affirmed.