The death of the wife dissolves the community, and with it ceases the right of the husband to stand in judgment, without the authorization of the court, in matters affecting the community property.

A party holding a mortgage, by authentic act, against community property, is entitled to executory process, after the death of the wife, only upon giving notice jointly to her testamentary executor and to the surviving husband.

Where property belonging to a succession had been inventoried in the Second District Court of New Orleans, and had been ordered to be sold by that court for the payment of debts—*Held :* That a subsequent order of seizure and sale granted by the Sixth District Court against the same property, upon a mortgage by notarial act, was in conflict with the assumed jurisdiction of the former court, and, therefore, irregular. The mortgagee, in such a case, ought to have applied to the court issuing the first order, for a modification of the terms of the sale, if he was not satisfied with them.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*H. Griffin*, for plaintiff.  *C. Morel* and *Collins & Woolridge*, for defendants and appellants.

MERRICK, C. J.  " On the 20th April, 1857, by act before *A. Boudousquié*, Notary, the defendant, *Bistes*, borrowed from *Porche* $1,740 27, for which amount he furnished his note, payable one year after date, at the Citizens' Bank, to his own order, and by himself endorsed.  In the same act, he granted a special mortgage, with the clause of non alienation, in favor of *any holder of the note*, to secure the payment of the note; and his wife, *Roseline Porche*, renounced, in the form prescribed by law, her rights on the property mortgaged by him.

*Poutz*, the holder of the note, applied, on the 4th October, 1859, for executory process, which was granted, and the Sheriff was proceeding to execute the writ of seizure and sale, without any opposition from *the defendant*, *Bistes*, when the proceedings were enjoined by *E. Morel*, claiming to be the testamentary executor of the defendant's wife, who died on the 15th August, 1859."

" The plaintiff, *Morel*, alleges, that he is the duly qualified testamentary executor of the defendant's wife; that the property seized under executory process in this case is the property of *the deceased, and of the community lately existing* between her and the defendant; that the succession of *Mrs. Bistes* is in course of settlement, in the Second District Court of New Orleans; that the identical property was inventoried, *and ordered to be sold*, to pay the debts and legacies of her succession; that the plaintiff, as testamentary executor, and the heirs and legatees of the deceased, should have been made parties to the executory proceedings; that *Poutz* is not legally subrogated to the rights of the mortgagee, *Porche*; that the property is worth more than the amount of the note secured by the mortgage; that the sale should be made for so much cash as will pay the note, and for the balance on a credit of twelve, eighteen, and twenty-four months, &c.  The prayer of the petition is, ' that the executory proceedings be set aside ; that *Poutz* and *Bistes* be cited, and ordered to proceed in the premises according to law, and to the above demand of petitioner.'

" On the affidavit of the plaintiff, the writ of injunction was granted."

" On the 19th November, 1859, the plaintiff, in executory process, took a rule on *Morel*, plaintiff in the injunction suit, to show cause why the injunction should not be set aside, with damages, on the face of the papers."

" On the 22d November, 1859, *Abeilard* and *Eugénie*, f. c. p., intervened, and

alleged that they were legatees of the deceased; that one-half of the property seized belonged to the succession of the deceased, subject to the jurisdiction of the Second District Court, &c., and praying also that the executory proceedings be set aside."

The District Judge was of the opinion, that the executory process was a proceeding so purely *in rem*, that notice to the original debtor, *Bistes*, was sufficient. He dissolved the injunction, with ten per cent. damages, and plaintiff in the injunction appealed.

We are of the opinion, that the death of *Mrs. Bistes* dissolved the community, and with it the right of the husband, without the authorization of the courts, to stand in judgment in matters affecting the same, ceased. As a consequence, the executory process could only proceed, after the death of the wife, against the common property, by notice jointly to her testamentary executor and the defendant, *Bistes*. 5 An. 738, 12 An. 222, 14 An. 567.

Again, the property seized under the executory process had been inventoried in the Second District Court, and had already been ordered to be sold by that court, for the payment of debts. The subsequent order of the Sixth District Court for the sale of the same property was in conflict with the jurisdiction assumed by the Second District Court, and therefore, irregular. The plaintiff, after the Second District Court had issued its order for sale, ought to have applied to that court for a modification of the terms of sale, if he was not satisfied with the same. Any other rule would produce unnecessary embarrassment.

On the face of the papers, therefore, the plaintiff in injunction seems to have stated a case which entitles him to relief on both grounds. The case must be remanded for further proceedings.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be reversed; and that the motion to dissolve the injunction be overruled, and the injunction reinstated; and that the case be remanded to the lower court for further proceedings according to law; and that the appellee pay the costs of the appeal.