(55 South. 337.)

No. 18,838.

NEWTON et al. v. MUTUAL LIFE INS. CO.

(May 8, 1911.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—SUPREME COURT—CERTIFIED QUESTIONS—STATEMENTS OF FACT.

Under article 101 of the Constitution of 1898, the Supreme Court cannot be called upon to instruct Courts of Appeal on questions of law predicated on incomplete statements of fact. Where instructions are requested, the Supreme Court cannot be called upon to find a part of the facts from an examination of the entire record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 608–618; Dec. Dig. § 224.*]

Case Certified from Court of Appeal, Second Circuit.

Action by Fred C. Newton and others against the Mutual Life Insurance Company. Judgment for plaintiffs, and defendant appeals to the Court of Appeal, with submitted questions of law for consideration. Record returned to the Court of Appeal.

Hudson, Potts & Bernstein and Denegre & Blair, for appellant. A. A. Gunby and F. C. Newton, for appellees.

LAND, J. Our learned Brothers of the Court of Appeal, after stating the facts and submitting questions of law for our consideration, conclude as follows:

"For the convenience of your honorable court, and as a supplement to the above statement of facts, we transmit herewith the entire record in the case, together with briefs of counsel."

The arguments of counsel are based on the statement of facts, as supplemented by the record, including all the evidence adduced on the trial in the district court.

Article 101 of the Constitution of 1898, reads as follows:

"The judges of the Court of Appeal shall have power to certify to the Supreme Court any question or proposition of law arising in any cause pending before them concerning which they desire the instruction of that court, for its proper decision, and thereupon the Supreme Court may either give its instructions on the question or proposition certified to it, which shall be binding upon the Court of Appeal in such case, or it may require the whole record to be sent up for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as it had been on appeal directly to the Supreme Court."

The power to certify is restricted to questions of law based on statements of fact found by the Court of Appeal, and the Supreme Court cannot be called upon to examine the record for the purpose of supplementing a partial statement of facts.

It is true that this court may require the entire record to be sent up, but that discretionary power is to be exercised only after the Court of Appeal has certified to the Supreme Court a question or proposition of law predicated on a complete statement of facts.

We therefore decline to answer the questions certified, and the clerk is instructed to return the record to the Court of Appeal, with a copy of this opinion.