155 So.2d 29

Theresa REILEY

v.

ATLAS CONSTRUCTION COMPANY, Inc.,
et al.

Nos. 46672, 46673.

June 28, 1963.

Robert E. Turner, of Brumfield, Turner & Cooper, Baton Rouge, for Theresa Reiley, applicant (Second Circuit, Court of Appeal) and plaintiff in rule-respondent (First Circuit, Court of Appeal).

Barham, Wright & Barham, Ruston, Breazeale, Sachse & Wilson, Baton Rouge, for Atlas Const. Co., Inc., and Fireman's Fund Ins. Co., respondents (Second Circuit, Court of Appeal) and relators (First Circuit, Court of Appeal).

SANDERS, Justice.

Before the Court in these proceedings is a certification of questions by the Courts of Appeal of the First and Second Circuits under Article VII, Section 25 of the LSA Constitution of 1921.

The principal sections of the certification are as follows:

"INTRODUCTORY STATEMENT

"This suit was originally heard on appeal to this court [Second Circuit] in the matter entitled Reiley v. Atlas Construction Company, Inc., et al., La.App., 146 So.2d 219. Rehearing was granted and judgment on rehearing was awarded in favor of plaintiff in the principal sum of $25,000.00 (cf. 146 So. 2d 219). The opinion and judgment of this court on rehearing were rendered October 26, 1962. Thereafter, the judgment became final and executory.

"On November 11, 1962, the defendants in the above suit filed a petition in the court of original jurisdiction in Jackson Parish, Louisiana, under the same docket number as the original suit. In this action the judgment debtors prayed (1) that the amount of costs due by them in the original suit be fixed by the court; (2) that they have judgment reducing the amount owed to their judgment creditor by the sum of $12,500.00; and, in the alternative (3)

that the amount be reduced by the sum of $7,500.00. To this action the judgment creditor interposed peremptory exceptions of res judicata and no cause of action, which were overruled by the district court.

"Subsequently the judgment creditor took action before the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, and procured the issuance of a writ of fieri facias from said court seizing funds on deposit with the State Treasurer belonging to the non-resident judgment creditor, Firemen's Fund Insurance Company. Following this action, the insurer paid the amount of the judgment in satisfaction of the writ of fieri facias, but at the same time perfected a judicial sequestration under order issued by the Honorable P. E. Brown, Judge of the Second Judicial District Court in and for Jackson Parish, Louisiana. Under the writ of sequestration enforced by the Coroner of East Baton Rouge Parish, the sum of $8,250.00 in the hands of the Sheriff of said Parish was seized. Following the above seizure, counsel for the judgment creditor filed a rule praying that the sum of $8,250.00 seized under the writ of sequestration be released and delivered to said counsel. After trial of the rule, the district judge of the Nineteenth Judicial District ordered the

fund seized under the writ of sequestration to be delivered to counsel for the judgment creditor, Theresa Reiley.

"On March 5, 1963, counsel for Theresa Reiley, judgment creditor, filed a petition before this court praying for the issuance of a writ of prohibition forbidding further prosecution of the action by the judgment debtors before the district court in and for Jackson Parish, Louisiana.

"On March 7, 1963, counsel for the judgment debtors filed an application to the Honorable Court of Appeal for the First Circuit, State of Louisiana, for writs of mandamus, certiorari and review directed to the Honorable Elmo E. Lear, Judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The applicants prayed for judgment recalling and rescinding the judgment of the said court in response to the rule nisi.

\*       \*       \*       \*       \*       \*

"QUESTIONS

"The issues presented involve a determination of the following general questions:

"1.   Should the Court of Appeal for the Second Circuit issue a writ of prohibition forbidding further prosecution of the asserted

re-opening of a case in which its judgment has become final and executory?

"2.   Should the Court of Appeal for the First Circuit issue writs of mandamus, certiorari and review for the purpose of annulling the action taken by a judgment creditor in the enforcement of a judgment of another Court of Appeal (Second Circuit), which has become final and executory?"

An analysis of the certification discloses that the parties to the litigation have made application to each of the Courts of Appeal for supervisory writs as a result of adverse rulings in the district courts. The questions certified to us are whether or not the Courts of Appeal should grant writs. While the certification includes no findings of fact, it does contain a statement of the procedural history of the basic case in the section entitled, Introductory Statement. Filed with the certification are the writ applications addressed to the Courts of Appeal.

Posed for decision is the question of whether such a certification is authorized by law, for unless it is so authorized, this Court cannot act upon it.

Certification to this Court from the Courts of Appeal is governed by constitutional and statutory provisions.

Article VII, Section 25 of the Louisiana Constitution of 1921 provides:

"Each Court of Appeal shall have power to certify to the Supreme Court any question of law arising *in any cause pending before it* concerning which, for its proper decision, it desires the instruction of that court; and thereupon the Supreme Court may either give its instruction on the question certified to it, which shall be binding upon the Court of Appeal in such case, *or it may require that the whole record be sent up for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been on appeal directly to the Supreme Court."* (Italics ours).

LSA–R.S. 13:4449 recites:

"In any *case pending before the courts of appeal* in which the judges thereof may desire the instructions or opinion of the Supreme Court on any question of law arising therein, the judges of the intermediate appellate court shall submit to the Supreme Court, a clear and concise statement in writing signed by them of *the points or propositions of law concerning · which the opinion of the court is desired* and solicited. Should the Supreme Court deem an examination of the records necessary to a proper decision of the question of law so certified and submitted to it, the

judges of the court of appeals, on receipt of a written request therefor, shall forward the *original record* to the clerk of the Supreme Court for the latter's consideration. Thereupon the Supreme Court may give its opinion on the points or propositions of law so submitted, which opinion, with the original record, shall be transmitted by the clerk of the Supreme Court to the court of appeals. The Supreme Court's opinion shall be binding on the judges of the court of appeal, and they shall proceed to determine and dispose of the cause in conformity with the principles stated therein." (Italics ours.)

To facilitate certification pursuant to these provisions, this Court has adopted LSA–R.S. Section 4, Rule XII of the rules of this Court, which states:

"When the judges of a Court of Appeal apply to this Court for instruction on a question of law arising in a case, under the provisions of Article VII, Section 25 of the Constitution of 1921, and Section 1 of Act 191 of 1898, p. 436 (R.S. 13:4449), they shall certify their findings of fact on which the question of law is predicated, and send up all briefs, or copies of the briefs, filed in the Court of Appeal. Should this court require that the whole record be sent up for its consideration, the case shall be placed on the docket for oral argument

and on printed briefs pursuant to the requirements of Rule IX."

As will be noted, the constitutional provision refers to a "question of law arising in any cause pending before it", to the "whole record", and to a "[decision of] the whole matter in controversy in the same manner as if it had been on appeal directly to the Supreme Court."

The statute refers to a "case pending before the courts of appeal", to the "points or propositions of law" on which the opinion of the Supreme Court is sought, to the "original record", and to further action of the Courts of Appeal to "determine and dispose of the cause" in conformity to the principles of law enunciated by the Supreme Court in response to the certified questions.

The Supreme Court Rule refers to a "question of law arising in a case", to "findings of fact" by the Courts of Appeal, and to "copies of the briefs" filed in the Courts of Appeal.

▮ This review of the basic language makes it abundantly clear that an application for a writ is not a cause, or case, pending in a Court of Appeal within the intendment of the constitutional provision. Prior to the granting of a writ, the district court retains jurisdiction of the case.[1] The cause is pending in that court. The record remains there. Ordinarily, the district court merely stays further proceedings to permit the filing of the application for writs.

▮ It is likewise clear that the Constitution sanctions certification of questions of law only. In our opinion, the question of whether a Court of Appeal should grant a supervisory writ is not a question of law within the purview of the constitutional provision. It seeks no instruction on any specific legal principle. Neither does it seek to determine the validity of any proposition of law. Rather, the question addresses itself to the exercise of the supervisory jurisdiction vested in the Courts of Appeal by Article VII, Section 2 of the Constitution.

We have been unable to find any previous case in which such a certification has been acted upon by this Court.[2]

We conclude that the certifications in the instant writ applications are not authorized by Article VII, Section 25 of the Louisiana Constitution.

Accordingly, it is ordered that the certifications be returned to the Courts of Appeal, First and Second Circuits, together with a copy of this opinion.[3]

1. See Roumain v. Moody, 225 La. 187, 72 So.2d 473.
2. State v. Ouachita Parish School Board, 242 La. 682, 138 So.2d 109, is distinguishable. In that case, the Court of Appeal certified questions of law only after writs had been granted by the Court of Appeal and the record had been lodged in that court.
3. See Newton v. Mutual Life Ins. Co., 128 La. 737, 55 So. 337.