SUMMERS, Justice.
Relators, Atlas Construction Company, Inc. and its liability insurer, Fireman’s Fund Insurance Company, applied to this court for writs of mandamus, certiorari and review, directed to the Nineteenth Judicial District Court for the parish of East Baton Rouge, from a judgment of that court quashing a judicial sequestration issued from the Second Judicial District Court for the parish of Jackson, under which the sum of $8,250.00 belonging to Theresa Reiley was seized in the hands of the sheriff of East Baton Rouge Parish by the coroner of East Baton Rouge Parish. We granted writs to review the correctness of the proceedings involved.
Because of the unusual aspects of this case, a detailed history of its progress to this stage is considered necessary.
Theresa Reiley, who resides outside the State of Louisiana, instituted suit on May 21, 1960, against Atlas and Fireman’s Fund in the Second Judicial District Court for the parish of Jackson to recover damages for personal injuries alleged to have been sustained in an automobile accident that occurred on June 29, 1959, in Jackson Parish. It was alleged that Theresa Reiley and Wilma Reiley were passengers in an automobile driven by Miss Joan Dacey which collided with a motor grader driven by an employee of Atlas and insured by Fireman’s Fund. Separate suits against the same defendants were also filed by Joan Dacey and Wilma Reiley for personal injuries they received. All three suits were consolidated for purposes of trial and appeal.
In defendants’ answers it was asserted that all plaintiffs had made settlements with the liability insurer of the automobile driven by Miss Dacey for the injuries received by them in the collision, and by way of exception this matter was again raised with defendants contending these settlements were made without reserving any rights against them; they were at the most only liable as joint tort-feasors with Joan Dacey; and these settlements released defendants. The trial court rejected these contentions and would not allow the introduction of evidence as to the nature of the settlements. This ruling was probably predicated upon the trial court’s finding that the accident was due solely to the negligence of the driver of the motor grader belonging to Atlas, and for that reason any release by the insurer of the automobile driven by Miss Dacey would be irrelevant and perhaps prejudicial.
The trial resulted in a judgment on February 21, 1962, in favor of Theresa Reiley against Atlas and Fireman’s Fund, in solido for $35,000 with interest and costs. Joan Dacey and Wilma Reiley also received judgments in their favor against these defendants.
An appeal was perfected by Atlas and Fireman’s Fund to the Court of Appeal, Second Circuit, in all three cases and, by judgment rendered on June 14, 1962, that court found Joan Dacey guilty of joint negligence with the driver of the motor grader belonging to Atlas. Accordingly, recovery was denied to Joan Dacey and the judgment of the trial court in that case was reversed.
In the other two suits the court of appeal found it necessary to ascertain what types of settlement were made by Wilma Reiley and Theresa Reiley with the liability insurer *690 of Joan Dacey. Those cases were remanded to the trial court “for the limited purpose of securing all legal evidence relative to any compromise or release” and for a decision by the trial court with that evidence before it.
Subsequently, on rehearing, by stipulation between counsel, the record was supplemented to include copies of the settlements actually made. These agreements were found by the court of appeal to include a specific reservation of plaintiffs’ rights to claim and prosecute actions for damages against any and every other party. In view of this disclosure the court observed that "No further contention has been raised with reference to this point and the issue presented must be considered as having been properly abandoned.”
Thereafter, the court proceeded to give consideration to the quantum of the award fixed by the judgment appealed from, which was not determined in its original opinion. Finding that the award made by the trial court was substantially excessive, it was reduced, insofar as Theresa Reiley was concerned, from $35,000 to $25,000. It was then decreed that costs of the trial court be taxed against defendants, Atlas and Fireman’s Fund, and costs of the appeal be taxed against Theresa Reiley.
The judgment in the Wilma Reiley case also reduced the award in her favor, but we will omit any further reference to that case for it was thereafter no longer germane to the issues. The judgments on rehearing were rendered on October 26, 1962. (See consolidated cases, Reiley v. Atlas Construction Company et al., La.App., 146 So.2d 211; Dacey v. Atlas Construction Company et al., La.App., 146 So.2d 218 and Reiley v. Atlas Construction Company, La.App., 146 So.2d 219.)
On November 21, 1962, Atlas and Fireman’s Fund, the defendants in the Theresa Reiley suit, filed a petition in the court of original jurisdiction in Jackson Parish, under the same docket number as the original suit, wherein they prayed: (1) that the amount of the costs due by them in the original suit be fixed by the court; (2) that they have judgment reducing the amount owed to their judgment creditor by the sum of $12,500;[1] and, in the alternative, (3) that the amount be reduced by the sum of $7,500. This latter amount was received by Theresa Reiley in settlement with the insurer of the automobile driven by Joan Dacey who had been adjudged a joint tort-feasor with the driver of the Atlas vehicle. To this action Theresa Reiley, the judgment creditor, interposed peremptory exceptions of res judicata and no cause of action, which were overruled on February 5, 1963, and the matter was fixed for trial on March 5, 1963.
In the meantime no application for rehearing nor application for writs to the supreme court was applied for from the judgment of the Court of Appeal, Second Circuit, and that judgment became final.
After the judgment of the Second Judicial District Court rendered on February 5, 1963, and prior to March 5, 1963, counsel for Theresa Reiley filed on her behalf in the Court of Appeal, Second Circuit, an application for a writ of prohibition. This application sought a writ to prohibit any further proceedings based upon the petition filed in the Second Judicial District Court in Jackson Parish on November 21, 1962, which suit had for its object the fixing of costs incurred in the trial court and the reduction of the judgment rendered by the court of appeal on October 26, 1962.
While this application for a writ of prohibition was pending, and on February 7, 1963, pursuant to Article 2782 of the LSA-Code of Civil Procedure, Theresa Reiley filed a petition in the Nineteenth Judicial District Court for the parish of East Baton Rouge, praying that the judgment of the *691 Court of Appeal, Second Circuit, dated October 26, 1962, be made executory. The judgment was made executory and, accordingly, the clerk of court in East Baton Rouge Parish issued a writ on February 8, 1963, directed to the sheriff of the parish of" East Baton Rouge to seize and take into custody sufficient monies, bonds, negotiable instruments, or any funds of Fireman’s Fund Insurance Company on deposit with the Treasurer of the State and to pay same to counsel for plaintiff to satisfy the judgment rendered by the Court of Appeal, Second Circuit. Pursuant thereto the sheriff seized $40,000 in United States Treasury bonds in the name of Fireman’s Fund with the State Treasurer in Baton Rouge to be sold to satisfy Theresa Reiley’s judgment in the sum of $25,000, with $3,332.50 interest and $782.89 costs, or a total of $29,115.39. Following this action, Fireman’s Fund, the insurer, paid the amount of the judgment, interest and costs to the sheriff in satisfaction of the writ of seizure, but at the same time obtained an order of sequestration without bond from the Second Judicial District Court in Jackson Parish under which authority the coroner of the parish of East Baton Rouge sequestered the sum of $8,250 in the hands of the sheriff of that parish. This was a portion of the funds that Fireman’s Fund had paid to the sheriff to satisfy the judgment being executed in favor of Theresa Reiley. The amount purportedly sequestered was the amount of the credit claimed by Atlas and Fireman’s Fund by virtue of the settlement of $7,500, plus costs, made by Theresa Reiley with the insurer of Joan Dacey who had been adjudged a joint tort-feasor with the employee of Atlas. After having sequestered the $8,250 the coroner placed the funds in the custody of the sheriff for further disposition.
In its briefs and argument relators urge that the maintenance of the writ of sequestration is necessary to prevent Theresa Rei-ley from departing from the State of Louisiana with those funds and disposing of them, for thereafter any credit to which relators may be adjudged entitled on the judgment would be, for all practical purposes, uncollectible.
Theresa Reiley then filed a rule in the Nineteenth Judicial District Court for East Baton Rouge Parish to dissolve the sequestration and have the $8,250 paid to her. To this rule Atlas and Fireman’s Fund filed exceptions to the jurisdiction, lis pendens and no cause of action and an answer. The exceptions were overruled. The trial of the rule resulted in the dissolution on March 4, 1963, of the writ of sequestration issued by the Second Judicial District Court of Jackson Parish. On March 7, 1963, Atlas and Fireman’s Fund applied to the Court of Appeal, First Circuit, to review the judgment of the Nineteenth Judicial District Court dissolving the writ.
Hence, the application for a writ of prohibition filed in the Second Circuit on March 5, 1963, and the application for writs of mandamus, certiorari and review to the First Circuit filed on March 7, 1963, were pending simultaneously.
The Court of Appeal, First and Second Circuits, without granting the applications, then jointly certified to this court two questions : (1) whether the Second Circuit should issue a writ of prohibition forbidding prosecution of the asserted reopening of a case in which its judgment has become final; and (2) whether the First Circuit should issue writs of mandamus, certiorari and review for the purpose of annulling the action taken by a judgment creditor in the enforcement of the judgment of another court of appeal (Second Circuit) which had become final and executory.
This court did not consider the questions certified, for neither court of appeal had granted writs. In our opinion, the question of whether a court of appeal should grant a supervisory writ is not a question of law within the contemplation of Article VII, Section 25 of the Louisiana Constitution, LSA. The certifications were returned to the respective courts of appeal. (See Reiley v. Atlas Construction Company, Inc., 244 La. 949, 155 So.2d 29 (1963).)
*692 Thereafter, the First and Second Circuits each denied the writs applied for. Inasmuch as no application was made to this court to review the denial of the writ of prohibition by the Second Circuit that matter is final. However, as noted at the outset, application was made to this court to review the action of the First Circuit in refusing to review the judgment of the Nineteenth Judicial District Court which dissolved the writ of sequestration issued by the Second Judicial District Court.
What is before us, then, is the correctness of the judgment of the Nineteenth Judicial District Court of East Baton Rouge Parish dissolving the writ of sequestration issued by the Second Judicial District Court of Jackson Parish.
The law requires the conclusion that the writ of sequestration was properly dissolved because the funds sought to be sequestered were in custodia legis. At the time when the writ of sequestration was served on him, the sheriff of the parish of East Baton Rouge had the funds in his custody by virtue of the writ of seizure issued by the district court in East Baton Rouge. His orders from that court were to seize the bonds, etc., sell them and pay the proceeds to counsel for Theresa Reiley to satisfy the judgment which had been made executory in that court. The sheriff’s legal custody did not terminate until he had accomplished the mandate of the court by delivering the funds to counsel for the judgment creditor. LSA-R.S. 13 :4284. Any effort by another court to sequester the funds while in the hands of the sheriff was not authorized by law.
“When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * (Other) courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession as incident thereto and as ancillary to the suit in which the possession was acquired, has jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property.” (Parentheses by the court.) Loeb v. Fischer, 137 La. 132, 68 So. 383 (1915). See also Universal Commercial Corp. v. Roani, 218 La. 997, 51 So.2d 603 (1951); Reugger v. DeBrueys, 146 La. 283, 83 So. 556 (1920); Poutz v. Bistes, 15 La.Ann. 636 (1860); Twitty v. Clarke, 14 La.Ann. 503 (1859); 21 Am. Jur., Executions, § 449, et seq., 33 C.J. S. Executions § 55c.
Relator’s remedy to prevent the full execution of the judgment by the sheriff of East Baton Rouge Parish was by petition for injunction filed in the district court of East Baton Rouge Parish where the judgment was made executory. LSA-Code of Civ.Proc. art. 2783.
 It is appropriate to note, too, that there was no proper basis for the issuance of the writ of sequestration, for the only -basis claimed for its issuance was a proceeding to reduce a judgment that was in all respects final. Even if it were conceded, as contended by relators, that they were entitled to a credit for the settlement made by the insurer of Joan Dacey with Theresa Rei-ley — predicated on the findings that Joan Dacey was a joint tort-feasor with the driver of the motor grader belonging to Atlas— that credit must have been asserted and claimed in the proceedings leading to the judgment which was finally rendered in the Court of Appeal, Second Circuit. If the credit was not allowed by that court, it was then incumbent upon relators to apply to this court prior to the finality of that judgment for a proper allowance of the credit. This they did not do and the judgment, therefore, became final.. La.Const, art. 7, *693 § 11; LSA-Code Civ.Proc. art. 2167. Their subsequent resort to the Second Judicial District Court in an effort to obtain that credit is unavailing, and a writ of sequestration issued by that court based upon those proceedings is without foundation.
So far as we can determine, the only matter presently pending in the Second Judicial District Court which appears to be proper is that portion of the proceeding which seeks to determine the amount of the costs incurred in the trial court owed by Atlas and Fireman’s Fund. LSA-Code Civ. Proc. art. 1920.
Accordingly, the judgment of the Nineteenth Judicial District Court dissolving the writ of sequestration is affirmed.
HAWTHORNE and HAMLIN, JJ., dissent with written reasons.

. This aspect of the proceeding relating to the reduction of the judgment of $25,000 by $12,500 has apparently been aban- . doned, for it is not mentioned or urged again in any of the proceedings or in briefs.