LEVY, Justice ad hoc:
This case is presently before us on a question certified to this court by the Court of Appeal, Third Circuit, assertedly under the authority of Article VII, Section 25 of the Constitution of Louisiana,[1] and LRS 13 :4449.
The suit was instituted by L. Wayne Sylvester and his wife Barbara, the parents of two minor children (Elizabeth Claire, age *1110 12, and Johnny Wayne, age 11) who were killed when the car in which they were passengers collided with a truck belonging to Fogelman Truck Lines, Inc. The truck was being driven by one of its employees. The accident occurred on Highway 29 near Ville Platte in January of 1968. Fogleman and its public liability insurer, Liberty Mutual Insurance Company, are the named defendants
A pretrial stipulation between the parties rendered all issues moot except the amount due to the parents for general damages for loss of love and affection, companionship, etc., and for their own mental pain and anguish caused by these deaths.
Following a trial on this issue alone, the district court rendered judgment in favor of each parent in the sum of $30,000 for the loss of each child, or for a total award of $120,000 (plus the previously stipulated special damages for doctors, hospitals, etc.). Written reasons were not given by the district judge. Motion for a new trial was timely filed and subsequently denied by the trial court.
The defendants appealed.
On October 28, 1969 the matter was argued before the Court of Appeal. And on December 11, 1969 the Court of Appeal, Third Circuit, in an en banc per curiam, -- So.2d - without making any factual finding as to the amount of damages due to the plaintiffs, certified to us the following question: “In view of the amounts of awards which have been made in other, cases, did the trial court abuse its discretion under the facts here presented by awarding plaintiffs in the instant suit substantially greater sums than have been awarded for wrongful deaths of children in the past ?” j
In the per curiam accompanying the certified question the court cites a number of cases from this jurisdiction which made smaller awards for the wrongful death of minor children than that made herein, as well as some from other jurisdictions where greater damages were awarded. It asserts that this court has established two conflicting principles of law as guidelines to be followed in determining the quantum to be awarded in such cases as this, and asks which of the said principles should apply. It refers specifically to the cases of Randall v. Baton Rouge Bus Company, Inc., 240 La. 527, 124 So.2d 535 and Winfree et al. v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71, on the one hand, as requiring comparison with awards in similar cases, and Gaspard v. LeMaire et al., 245 La. 239, 158 So.2d 149, Ballard et ux. v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So. 2d 64, and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127, on the other hand, as representing the “much discretion in the *1112 trier of facts in each individual case” principle, without regard to other awards.
Because of the conclusion reached by us herein, it is not necessary that we discuss the so-called divergent principles suggested by the per curiam. However, we do observe that we perceive no conflict in the cases. Ballard v. National Indemnity Company of Omaha, Nebraska, supra, was decided by the court on the same day as Win-free v. Consolidated Underwriters, supra (the same justice serving as the organ of the court in each case). In the latter case we specifically pointed out that the principle to be followed in the two cases was the same. Thus, we said: “The principle of law applicable to this case are fully set out in the case of Ballard v. National Indemnity Company of Omaha, Nebraska [246 La. 963, 169 So.2d 64], this day decided, and consolidated with this one for argument, and it would serve no useful purpose to reiterate them here.”
It would appear that in Ballard v. National Indemnity Company of Omaha, Nebraska, supra, we clearly answered the very question which is posed to us for certification. As stated therein: “The much discussed Gaspard case recognized and applied the principle of law which has been in our Civil Code since 1825. The principle is simply a declaration of judicial method based on common sense and has no relation to the authority vel non of appellate courts. It is a guide for the courts, reflecting the wisdom gained through experience in judicial process, to achieve justice between the parties in the assessment of damages,
“In the types of cases set out in Article 1934 the principle of law announced there becomes applicable only after the lower court finds liability on the part of the defendant and that plaintiff has proved by a preponderance of the evidence the nature and extent of his injury, for only then does it become necessary to assess the damages. On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the 'much discretion’ vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. Strictly speaking, in the review of the damage assessment the general evidential rules of preponderance of evidence or manifest error are not pertinent and are without application, since the only question is whether the lower court has abused its discretion in assessing the damages.
*1114 “In resolving the question of whether the jury in fixing the amount of the award in the Gaspard case had abused the discretion vested in it by law, we pointed out that ‘ * * * in view of our codal provision, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration.’ However, an appellate court should not fix the amount of the award solely to maintain uniformity of awards, thus ignoring the prerogatives of the trial judge or jury in assessing awards in such cases as set forth in Art. 1934 of the Civil Code. The amounts of awards in so-called ‘similar’ cases are relevant only to determine whether there has been an abuse of discretion, but for no other purpose — that is, to determine whether the award is so excessive or so inadequate as to be an abuse of discretion. In this connection it must always be remembered, as said in Gaspard, that ‘ * * * cases relied upon may be similar in that each of them involves a similar injury such as a broken arm, the loss of an eye or eyes, or the loss of some member of the body. Thereafter, however, the similarity ceases for each case is different, and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration.’ ” We see no reason why the Court of Appeal in the instant case cannot follow the doctrine as there set out. (See also Olds v. Ashley et al., 250 La. 935, 200 So.2d 1.)
It is our opinion that the question certified to us, although the Court of Appeal has attempted to couch it as a legal one, is, in essence, a factual one. Before we can answer the question certified we would necessarily have to determine the issue of quantum which is purely factual, and on which the Court of Appeal has made no finding. See Newton et al. v. Mutual Life Insurance Company, 128 La. 737, 55 So. 337.
Section 4 of Rule XII of the Rules of the Supreme Court of Louisiana, particularly requires that: “When the judges of a Court of Appeal apply to this Court for instruction on a question of law arising in a case, under the provisions of Article VII, Section 25 of the Constitution of 1921, and Section 1 of Act 191 of 1898, p. 436 (R.S. 13:4449), they shall certify their findings of fact on which the question of law is predicated, and send up all briefs, or copies of the briefs, filed in the Court of Appeal. Should this court require that the whole record be sent up for its consideration, the case shall be placed on the docket for oral argument and on printed briefs pursuant to the requirements of Rule IX.” (Italics ours)
*1116 Until the Court of Appeal has made the factual determination as to the value of the plaintiffs’ claim we cannot say whether the district court had abused its discretion in fixing the award.
We note that although we did not call for the transcript of the entire record, it was filed in this court with the certification of the question. Having concluded that the certification is not authorized by Article VII, Section 25 and LRS 13:4449, the record will be returned to the Court of Appeal along with the certification.
For the reasons assigned we decline to answer the question certified and the clerk is instructed to return the record to the Court of Appeal with a copy of this opinion.

. “Section 25. Each Court of Appeal shall have power to certify to the Supreme Court any question of law arising in any cause pending before it concerning which, for its proper decision, it desires the instruction of that court; and thereupon the Supreme Court may either give its instruction on the question certified to it, which shall he binding upon the Court of Appeal in such ease, or it may require that the whole record be sent up for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been on appeal directly to the Supreme Court.”