286 So.2d 394 (1973)
Mark C. SMITH, Jr. and Mark C. Smith, III
v.
BATON ROUGE BANK & TRUST COMPANY.
No. 5888.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
*395 Henry L. Klein, Windhorst, Heisler, De Laup & Wysocki, New Orleans, for plaintiffs-appellants.
Theo F. Cangelosi, John Schwab, Robert L. Cangelosi, Baton Rouge, for defendant-appellee.
Before REDMANN, LEMMON and SCHOTT, JJ.
REDMANN, Judge.
Plaintiffs appeal from the dismissal, on exception of improper venue, of their Orleans parish suit against a bank incorporated in East Baton Rouge parish.
Plaintiffs sought (1) $200,000 or more (to be fixed by an accounting) as alleged unjust enrichment by defendant at plaintiffs' cost, and (2) injunction against execution of a default deficiency judgment rendered by the Orleans court after foreclosure of a mortgage on Orleans property.
Plaintiffs allege that they gave defendant bank, in connection with existing loans to an "overextended" corporation, "additional (if not primary) security in the form of second mortgages * * * with the understanding" that no deficiency judgments would be taken against plaintiffs; that the bank subsequently foreclosed on certain properties, in some cases with appraisement (which preserved the procedural possibility of deficiency judgments) "because of alleged `internal' reasons"; that in violation of the agreement, but while plaintiffs had the "belief and advice" that it was "for `internal purposes'", the bank obtained the deficiency judgment in question; that the bank is now demanding payment, contrary to the agreement and subsequent advices; that, on information and belief, the "overall sales" of properties securing the debts had already unjustly enriched the bank by over $200,000 for which plaintiffs "are entitled to an accounting" and credit.

Injunction Venue
We view the petition as asserting two possible causes for enjoining execution of the Orleans deficiency judgment: first, because the judgment was (arguably) null, as obtained in violation of an agreement and subsequent representations[1] (see Southern Discount Co. v. Williams, La. App.1969, 226 So.2d 60); and second, because the judgment, as an accessory obligation, was extinguished when the "overall sales" proceeds extinguished the principal, *396 corporate obligation (see C.C. arts. 3060, 3062, 2205; also R.S. 7:120 [N.I.L. § 120]).
The venue of an action of nullity of judgment is exclusively the parish of the court which rendered the judgment; C.C.P. arts. 2006 and 44. The exclusiveness of venue prevents collateral attack in another court in an attempt to hold it "inoperative and unenforceable"; Licoho Enterprises Inc. v. Succession of Champagne, La.1973, 283 So.2d 217. Thus the venue for enjoining enforcement of a judgment as null is similarly the parish of the court which rendered the judgment.
Furthermore, no other district court could interfere with the Orleans court's execution of its judgment, Reiley v. Atlas Const. Co., 1964, 245 La. 595, 159 So.2d 688, despite the theoretical possibility (as defendant argues) of a personal injunction obtained in East Baton Rouge binding the East Baton Rouge bank not to cause execution. Reiley held that, where a judgment of one state court had been made executory in another, the proper remedy to prevent improper execution of the judgment by the second court is injunction in the second court where the judgment was made executory and is being executed.[2] Accordingly where, as here, the rendering court is the court where the judgment is executory and improper execution threatens, Orleans is the proper venue for enjoining the execution on this ground also.
We thus find venue proper as to the injunction.

Unjust Enrichment Venue
Our problem is not one of venue for a simple action to recoup losses due to a defendant corporation's unjustly enriching itself, which would presumably be defendant's domicile, C.C.P. art. 42(2). Nor have we a cumulation of such an action with another unrelated action in a venue proper for the latter.
Our case is one in which the claim for unjust enrichment is based on factual allegations that are at the same time the basis for the claim for an injunction against execution of the district court's deficiency judgment as extinguished (and as to the latter claim we have held venue proper).
We believe economy of judicial administration opposes dual (or multiple) trials of the same factual circumstances where one trial should serve to determine both (a) whether the execution of the earlier judgment should be enjoined (as extinguished by "overall sales") and (b) whether defendant owes plaintiff an accounting for "unjust enrichment" resulting from "overall sales".
We compare this case to Walker v. Associated Press, La.App.1964, 162 So.2d 437, writ refused, 246 La. 374, 164 So.2d 360, appeal dismissed, 379 U.S. 47, 85 S.Ct. 208, 13 L.Ed.2d 183, rehearing denied, 379 U.S. 984, 85 S.Ct. 643, 13 L.Ed.2d 577. There an out-of-state corporation and an Orleans newspaper publisher were sued in Caddo parish for libel alleged to have occurred throughout the state and in other states. The tort venue provision of C.C.P. art. 74, allowing suit "in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained" was of questionable applicability to place venue in Caddo for that part of the damages which were both sustained out-of-parish and from conduct occurring out-of-parish. The Orleans defendant had obtained from the trial court an order transferring the case to Orleans. The court of appeal's conclusion was that Caddo was the proper venue for the entire damage claim.
*397 The case seems to rule that if venue is proper for some aspects of a damage suit (i. e., as to damages which were sustained in Caddo from conduct anywhere, or were sustained anywhere from conduct in Caddo), then venue is proper for all related claims (e. g., as to damage sustained in Orleans from conduct in Orleans.)
We also note, by further analogy, that C.C.P. art. 1091, without any limitation based on venue, authorizes a third person to intervene in a pending action "to enforce a right related to or connected with the object of the pending action". We point out that here, in plaintiffs' pending action to enjoin execution of a judgment as already satisfied by "overall sales", plaintiffs themselves seek no more than "to enforce a right related to or connected with the object of the pending action", i. e., the right to recoup the excess defendant allegedly collected by the "overall sales". It would be unreasonable to conclude that an intervenor could enforce such a related right irrespective of venue considerations, but a plaintiff could not (especially in view of the liberal construction rule of C.C.P. art. 5051). See Bellow v. New York Fire & Marine Underwriters, Inc., La.App.1968, 215 So.2d 350, where a bus driver defendant in a passenger's tort action demanded his own property damage from a second defendant, the driver of a colliding truck; the demand was treated as an intervention.[3] In allowing the intervention in the "interests of justice and judicial administration", the court noted, 215 So.2d at 354, that its rejection would probably result in a second litigation, in another parish (the second defendant's domicile), possibly resulting in a different determination of negligence.
We conclude that where venue is proper as to one claim, the disposition of which will necessarily affect a related second claim as to which venue might otherwise be improper, the court has the authority to decide both claims in the interest of efficient judicial administration, and therefore should overrule an exception to the venue.
The judgment is reversed and the exception overruled.
NOTES
[1] We do not here decide whether failure to use grounds available (the agreement and representations) as a defense to an action in which judgment is by default prevents use of those grounds as the basis for a later action of nullity against the judgment by default. This is not an issue in deciding venue. We also do not attempt to characterize specifically plaintiffs' claim they consented to suffer a default deficiency judgment (despite having the defense of the agreement for no deficiency judgment) with the understanding that the judgment was to be for "internal purposes" only (i. e., was to be null). This claim may be one of nullity, despite the difficulty of applying C.C.P. art. 2004's words to it. In any event it is a basis alleged for injunction against a judgment and, we believe, sufficiently within the principles discussed in the text.
[2] See also Arkansas-Louisiana Pipe Line v. Coverdale, 19, 181 La. 117, 158 So. 640, where the Louisiana Supervisor of Public Accounts, domiciled in East Baton Rouge, having recorded in Ouachita a statement of license taxes due by plaintiff, was held amenable to plaintiff's Ouachita suit to enjoin their collection. The court reasoned an East Baton Rouge court would have no jurisdiction to arrest a sheriff's sale about to take place in Ouachita.
[3] In fact the bus driver had first third-partied the truck driver (presumably for indemnity or contribution), and titled his subsequent demand for his own damages as a supplemental third-party demand. The court there (the Third Circuit) declared the supplemental petition "not a third party demand" (215 So.2d at 352) but sustained it as an intervention. "In his capacity as intervenor, Guillory is a third person having an interest in the pending action * * * joining with the plaintiff * * *." 215 So.2d at 354. (Compare Mid-States Ins. Co. v. Fireman's Fund Ins. Co., La.App., 4 Cir. 1970, 240 So.2d 908, writ refused, 257 La. 608, 243 So.2d 274, treating a supplemental third-party petition claiming defendant's own damages as a third-party petition. Note also that C.C.P. art. 1111 provides a third-party petition "may bring in any person" who may be liable to defendant for all or part of the principal demand; the article does not in terms purport to limit the demands against the third party, once properly brought in. Such limitation would appear to be the function of the dilatory exception to improper cumulation of actions, C.C.P. art. 926(7).)