449 So.2d 185 (1984)
Malcolm HEBERT, Plaintiff-Appellee,
v.
Herbert MYERS, Defendant-Appellant.
No. 83-588.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*186 Baggett, McCall & Badon, Robert C. McCall, Cameron, for defendant-appellant.
Raleigh Newman and Donald McKnight, Lake Charles, for plaintiff-appellee.
Before CUTRER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
The defendant, Herbert Myers, perfected this appeal from an interlocutory judgment denying his exception of improper venue. The defendant raised two exceptions under a pleading styled declinatory exceptions. The exception of improper cumulation of actions, although premised on the question of venue, is more properly referred to as a dilatory exception. The judgment of the trial court ruled solely on the exception of venue. The exception of improper cumulation of actions addressed three tort claims and two contract claims in plaintiff's petition. The issue to be determined is whether the petition alleged interrelated facts which would allow venue to lie in Cameron Parish.
LSA-C.C.P. Art. 2083 provides:
"An appeal may be taken ... from an interlocutory judgment which may cause irreparable injury."
An exception of venue is one that causes irreparable injury because the appellate *187 court has no practical means of correcting the error on appeal after a trial on the merits. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., et al, 396 So.2d 878 (La.1981); Erdey v. American Honda Company, et al., 404 So.2d 1351 (La.App. 1st Cir.1981). Therefore, we have granted this appeal from the interlocutory judgment.

FACTS
Malcolm Hebert brought suit in Cameron Parish against Herbert Myers, a domiciliary of Allen Parish, cumulating the following causes of action: trespass on Hebert's home in Cameron Parish in the latter part of 1982; cutting a fence on Hebert's property in Cameron Parish in 1982; conversion of diesel fuel owned by Hebert in 1980 or, alternatively, unjust enrichment because of Myers' use of the fuel; past due rental on a house in Cameron Parish during 1981 and 1982; rental for farm equipment owned by Hebert in 1980; and finally a general claim for mental anguish and embarrassment.
The trial court noted that several of Hebert's claims against Myers were in tort and some were contractual or quasi-contractual. The trial court gave oral reasons for judgment stating that "all the claims are interrelated. It would be a lesson in judicial inefficiency to try to dissect the causes one from the other and try half of them in Cameron Parish and half in [Allen Parish]... So the Court's going to overrule the exceptions of venue."
Myers does not complain of the venue for the causes of action based in tort. However, he contends that venue for the actions of unjust enrichment and rental are improper in Cameron Parish, and are not so interrelated with the tort actions to allow suit in Cameron Parish.

VENUE
Proper venue is determined by applying the following articles and jurisprudence, to-wit:
LSA-C.C.P. Art. 41 provides:
"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject."
LSA-C.C.P. Art. 42 provides in pertinent part:
"The general rules of venue are that an action against:

(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence;...."
LSA-C.C.P. Art. 43 provides:
"The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law."
An action for an intentional tort or an unintentional tort may be brought in the parish where the damages were sustained. LSA-C.C.P. Art. 74 states:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongfull conduct occurred or may occur.

As used herein, the words `offense or quasi offense' include a nuisance and a violation of Article 667 of the Civil Code."
If there is a conflict between the venue provisions of Art. 42 and Art. 74, the plaintiff may select either parish having venue. LSA-C.C.P. Art. 45 reads in pertinent part:
"The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:

* * * * * *

(3) If Article 78, 79, 80, 81, 82, or 83 is not applicable, and there is a conflict between two or more of Articles 42 and 71 through 77, the plaintiff may bring the action in any venue provided by an applicable article."
*188 Myers first contends that venue concerning the allegation of unjust enrichment was improper in Cameron Parish. He maintains that the proper venue for this action is his domicile, Allen Parish, under Article 42(1). This argument disregards plaintiff's alternative plea of unjust enrichment.
When a plaintiff institutes an action on more than one theory, arising out of one factual circumstance, and venue is proper as to any theory, the trial court has venue to decide any or all claims. Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La. App. 1st Cir.1982).
The common law tort of conversion has long been recognized in Louisiana as a quasi offense. Central Fidelity Bank v. Gray, 422 So.2d 670 (La.App. 3rd Cir. 1982). The alleged conversion in the case at hand occurred in Cameron Parish. Hebert's alternative plea alleged that Myers had been unjustly enriched. We find that Article 74 permits venue to lie in Cameron Parish in the conversion action. Thus the exception of improper venue for this cause of action was properly overruled.
Myers next maintains that the trial court improperly relied on the reasoning of Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394 (La.App. 4th Cir. 1973) and its progeny in overruling his exception to the venue of Cameron Parish as it relates to the claims for home and equipment rental.
In Smith, supra, the plaintiffs brought an action against the defendant to enjoin it from executing a default deficiency judgment rendered after foreclosure of plaintiff's mortgage, and to recover damages for the defendant's alleged unjust enrichment. The defendant filed a declinatory exception of improper venue on the grounds that venue was in its domicile, East Baton Rouge Parish. The trial court had venue pertaining to the allegation for injunctive relief. Venue did not lie in Orleans Parish pertaining to the allegation for unjust enrichment. However, in this case the two causes of action were related, therefore the Smith court correctly held:
"... [W]here venue is proper as to one claim, the disposition of which will necessarily affect a related second claim as to which venue might otherwise be improper, the court has the authority to decide both claims in the interest of efficient judicial administration, ...." (Emphasis added)

We agree with the holding in Smith, supra, which based its judgment on the issue of venue on a finding of related facts. In the case at hand we find that the facts are not interrelated, therefore the test in the Smith case would require a transfer of venue for the claims of home and equipment rental.
We have carefully reviewed Hebert's petition. Article two of Hebert's supplemental petition only hints of possible interrelated facts concerning the allegations of trespass and house rental. There are no allegations that qualify as interrelated facts which would permit venue to lie in any other court than the defendant's domicile.
We appreciate and understand the trial court's reasoning concerning "judicial inefficiency" and it is for that reason that we reluctantly reverse the trial court's ruling pertaining to plaintiff's claims for rental of the house and equipment. We therefore remand with instructions to transfer the rental actions to Allen Parish.
For the foregoing reasons the judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions. Costs of this appeal and the trial court are assessed half to plaintiff-appellee and half to defendant-appellant.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.