BARRY, Judge.
The Succession of Ann Furr Baldwin filed suit in Orleans Civil District Court to cancel the real estate lease and to evict Walter Antin from the premises at 308 Royal St. The judgment was affirmed by this Court on May 12, 1988 (CA-9017) and writs are pending in the Supreme Court.
The Succession then filed suit for unpaid rentals and attorney’s fees pursuant to that lease. Antin filed an exception of improper venue which was overruled. His motion for an appeal was denied by the trial court which stated that review was by writ. The court granted time for a writ application and stayed the proceedings.
The denial of an exception of venue is more properly reviewed by a writ application to this Court. Henry v. Ford Motor Co., Inc., 519 So.2d 845 (La.App. 4th Cir.1988); Lapeyrouse v. United Services Automobile Association, 503 So.2d 627 (La.App. 4th Cir.1987). We grant this writ application to determine whether the proper venue for this action was Orleans Parish.
Under the general rules of venue a suit for unpaid rentals should be filed in the parish of the defendant’s domicile. La.C. C.P. Art. 42(1); C & M Properties, Inc. v. Wascom, 361 So.2d 1266 (La.App. 1st Cir.1978). Antin is domiciled in Tangipahoa Parish.
An exception to the general rule was noted in Smith v. Baton Rouge Bank & Trust Company, 286 So.2d 394 (La.App. 4th Cir.1973), where two causes of action (an injunction and a suit for unjust enrichment) were related and based upon the same factual allegations. This Court declared that where venue was proper as to one claim and its disposition would necessarily affect a related second claim as to which venue might not otherwise be proper, the court had the authority to decide both claims “in the interest of efficient judicial administration.” 286 So.2d at 397.
In Hebert v. Myers, 449 So.2d 185 (La.App. 3rd Cir.1984), that reasoning was examined when actions relating to trespass, conversion, past due rentals on a farm and its equipment, and mental anguish, were at issue. For judicial efficiency and because all claims were related, the trial court overruled the exception of venue. Finding the facts were not interrelated, the Third Circuit applied the test in Smith to reverse with instructions to transfer the claims for unpaid rentals to the defendant’s domicile.
Here, one cause of action is involved— the Succession’s suit for unpaid rentals. Antin’s filing a proof of claim in the Succession of Ann Furr Baldwin which had been opened in Orleans Parish Civil District Court cannot be considered a suit. The filing merely suspended the running of prescription against his claim. La.C.C.P. Art. 3245.
Under Art. 3245 Antin was required to file the formal proof of claim in the record of the succession proceeding, wherever it had been opened. Antin had no choice as to venue. He could not file suit until the succession representative rejected his claim or took no action for thirty days after its submission. La.C.C.P. Art. 3246 and its Official Revision Comments. The record contains no petition by Antin. Smith and Hebert are therefore not relevant. The Succession’s claim for unpaid *817 rentals should have been filed where the defendant is domiciled, Tangipahoa Parish,
We conclude that Antin’s exception of improper venue was improperly overruled. The judgment is reversed and the matter remanded with instructions to transfer the claim to Tangipahoa Parish.
WRIT GRANTED; REVERSED AND REMANDED.