SAUNDERS, Judge.
This is an appeal by defendant-appellant, Rivertown Properties, Inc. d/b/a Rivertown Properties (Rivertown), from the denial of a declinatory exception of improper venue which Rivertown filed against plaintiff-appellee, Crowley Concrete Professionals, Inc. d/b/a Concrete Professionals (Concrete Professionals) [1] The trial court, in denying Rivertown’s exception, found that “[vjenue was correct when the suit was originally filed, and the remaining cause of action is a suit on a bond filed in the Acadia Parish Clerk of Court’s office.” We find no error in the judgment of the trial court and thus, we affirm.
ISSUE
Is Acadia Parish the proper venue for an action to either (1) reinscribe a material-man’s lien and privilege filed therein or, alternatively, (2) is Acadia Parish the proper venue for an action to require defendant to post a properly documented and executed bond instrument or pledge to replace the previously recorded materialman’s lien?
FACTS
Through its petition, Concrete Professionals filed this action against Rivertown and the Clerk of Court for Acadia Parish praying that the Clerk of Court reinscribe Concrete Professionals' materialman’s lien and privilege for monies owed. Alternatively, Concrete Professionals prayed that defendant, Rivertown, be required to post an appropriate bond or certificate of deposit in the name of the clerk of court. Additionally, Concrete Professionals filed a notice of lis pendens.
The allegations of fact set forth in the petition are summarized as follows:
The defendant, Rivertown, contracted with Concrete Professionals to purchase certain concrete materials for delivery on a job site in Acadia Parish, Louisiana. After delivery of the concrete materials, River-town was invoiced for $28,970.79. River-town failed to pay and, by registered mail dated December 13, 1990, Concrete Professionals notified Rivertown of the delinquen *1189 cy of the account, furnishing copies of all invoices and statements of account. No payment was tendered.
On January 16, 1991, Concrete Professionals filed an affidavit creating a materi-alman’s lien in the office of the Clerk of Acadia Parish in the amount of $28,970.79. Notice of the filing of the affidavit was given to defendant.
On or about February 28, 1991, River-town, without notice to Concrete Professionals, delivered to the clerk’s office a certificate of deposit in the amount of $37,-000.00 and requested cancellation of the lien. Rivertown purported that the certificate of deposit was delivered in lieu of the lien to the Clerk of Court. Concrete Professionals contended that the material-man’s lien was wrongfully cancelled insofar as the clerk cancelled the lien without first obtaining a surety bond from River-town.
After the filing of Concrete Professionals’ petition, the record reflects that Rivertown filed a certificate of deposit with the Clerk of Court, together with a pledge agreement endorsing the certificate of deposit over to the clerk of court. This pledge and assignment of the certificate of deposit acted as a judicial bond in substitution of the materialman’s lien and privilege.
Once the transfers were made, on April 2, 1991, counsel for Concrete Professionals requested the Clerk of Court to cancel the notice of lis pendens since the pledge and assignment of the certificate of deposit, as a judicial bond, was in place.
On April 10, 1991, Rivertown filed an exception of improper venue, contending that insofar as Concrete Professionals’ petition was praying for a personal or money judgment, venue was proper only in River-town’s domicile under C.C.P. Art. 42. Subsequently, on April 15, 1991, a motion for attachment of the pledged certificate of deposit was filed and an order was signed by the trial court issuing a writ of attachment to the Acadia Parish Sheriff’s Department attaching a certificate of deposit and pledge agreement to this lawsuit. A hearing on Rivertown’s exception was heard on June 24, 1991.
DISCUSSION
Rivertown contends that the general rules of venue, La.C.C.P. Art. 42, control. La.C.C.P. Art. 42 states, in pertinent part:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.
[[Image here]]
Rivertown argues that what remains in this lawsuit is an action on an open account rather than a lien on immovable property or an action on a judicial bond. Therefore, Rivertown contends Concrete Professionals must sue Rivertown, a domestic corporation, in the parish where its registered office is located in order to make a claim for a money judgment.
Concrete Professionals contends that La. C.C.P. Art. 75, an exception to La.C.C.P. Art. 42, the general venue statute, is applicable herein. La.C.C.P. Art. 75 states as follows:
Art. 75. Action on judicial bond
A. An action against the principal or surety, or both, on a bond filed in a judicial proceeding may be brought in the court where the bond was filed.
B. An action against a legal surety may be brought in any parish where the principal obligor may be sued.
Concrete Professionals contends that this ,is an action to enforce a materialman’s lien against the owner’s immovable property, for money owed it for materials supplied. Rivertown chose to substitute a certificate of deposit filed with the clerk of court in place of the lien, in accordance with La.R.S. 9:4823 D and 9:4835, which certificate of deposit was subsequently attached to this lawsuit. Therefore, Concrete Professionals argues that this action has evolved into an *1190 action on a judicial bond, now secured by' defendant's certificate of deposit, rather than a lien on the owner’s real property. Thus, La.C.C.P. Art. 75 applies.
We find that at the time the petition was filed, the materialman’s lien had been erroneously cancelled by an insufficient substitution with an unpledged certificate of deposit. We find no merit in Rivertown’s contention that the certificate of deposit which they filed does not qualify as a judicial bond for purposes of venue.
The Official Revision Comment to C.C.P. Art. 75 states, in pertinent part:
(a) This article broadens the Louisiana law so as to make it applicable to all bonds filed in judicial proceedings. Arts. 3042 and 3064 of the Civil Code, when read together, apparently apply only in cases where bonds are required to be furnished. The above article applies to all bonds in connection with judicial proceedings, including those furnished voluntarily, such as release bonds.
Therefore, venue was proper under either C.C.P. Art. 80, dealing with actions to assert a right against immovable property or C.C.P. Art. 75, dealing with actions on judicial bonds.[2]
Thus, we find no error in the judgment of the trial court.
Costs of this appeal are to be paid by defendant-appellant, Rivertown Properties, Inc.
AFFIRMED.

. We note that an appeal may be taken from the denial of a declinatory exception of improper venue. See Chambers v. LeBlanc, 598 So.2d 337 (La.1992); Hebert v. Myers, 449 So.2d 185 (La.App. 3 Cir.1984).

. C.C.P. Art. 80 provides, in pertinent part:
A. The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:
(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided in Article 72;
[[Image here]]