381 So.2d 920 (1980)
Wylene Walker REGIONS, Plaintiff-Appellee,
v.
Marion D. REGIONS, Defendant-Appellant.
No. 7478.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
Gus Voltz, Jr., Alexandria, for defendant-appellant.
Thomas G. Wilson, Colfax, for plaintiff-appellee.
Before CUTRER, STOKER, LABORDE, JJ.
*921 STOKER, Judge.
Defendant-appellant, Marion D. Regions, brings this appeal of a money judgment rendered against him for past due alimony. The trial court held that the appellant was a Louisiana domiciliary at the time the original petition was filed and that it had jurisdiction to render a personal judgment against him. We affirm.
The basic facts are not disputed by the parties. The appellant and the appellee were married to each other almost 29 years, maintaining their matrimonial domicile in Pollock, Louisiana. On March 15, 1976, Mr. Regions abandoned the plaintiff, packed his personal possessions in his mobile home and went to Texas. As Mrs. Regions was out of town at this time, Mr. Regions left her a note which said, in part, "I just can't go on. We just don't seem to make it ...".
Mrs. Regions returned to her home on March 16, 1976, and discovered her husband's note. On the following day, March 17, 1976, she filed suit for a separation from bed and board and for alimony pendente lite. A curator was appointed to represent the defendant-appellant, Mr. Regions.
On April 15, 1976, a judgment was rendered granting to Mrs. Regions a separation from bed and board and alimony pendente lite in the sum of $750.00 per month for maintenance and support.
Mrs. Regions filed a petition on October 15, 1976, to make past due alimony executory. Jurisdiction over Mr. Regions was obtained by non-resident attachment. Mr. Regions filed an answer and reconventional demand on March 10, 1977. He alleged that the personal judgment rendered against him on April 15, 1976, was a nullity. Mr. Regions argued that the Thirty-fifth Judicial District Court of Grant Parish, Louisiana, had no jurisdiction to render the personal judgment against him because he had moved and established his domicile in Texas on March 15, 1976.
Judgment was rendered in favor of appellee, Wylene Walker Regions, on May 4, 1979, rejecting the claim that the court was without jurisdiction to render a money judgment against the defendant and making the alimony executory in the sum of $5,250.00.
In written reasons, the trial court observed, inter alia:
The judgment for alimony is a money judgment and must be supported by personal jurisdiction over the party cast. Imperial [v.] Hardy [La.], 302 So.2d 5. The issue is whether or not Mr. Regions had changed his domicile from Grant Parish to Texas on the day the suit was filed. The burden of proving the change in domicile is upon Mr. Regions.
* * * * * *
At the time of leaving, Mr. Regions was Mayor of the Town of Pollock. He did not notify any of the Board of Aldermen or the Town Clerk that he intended to leave the town permanently. He did not resign as Mayor until June 15, 1976. Mr. Regions was also Commissioner of Indian Affairs for the State of Louisiana on March 15, 1976, and no notice was given any state official of his intention to leave the state permanently. He did not resign from the position until June 15, 1976.
* * * * * *
Everyone has a domicile of origin which he retains until he acquires another. Under the facts of this case, I find that Mr. Regions had not acquired another domicile in Texas on March 17, 1976, when this suit was filed and, therefore, his domicile remained in Grant Parish. This Court had personal jurisdiction over him and he was properly served through the appointment of an attorney.
Therefore, the reconventional demand is dismissed and the rule to accrue arrearages is made absolute. Arrearages in alimony are accrued at $750.00 per month from March 17, 1976, until the date this rule was filed . . .
Mr. Regions argues that service of process on the attorney appointed to represent him was insufficient for the court to obtain personal jurisdiction over him. LSA-C.C.P. article 6 states:

*922 Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
The issue before this court is whether or not Mr. Regions was domiciled in Louisiana at the time Mrs. Regions filed suit for a separation and alimony. In order for the service of process on the appointed attorney to have been effective, Article 6(2) requires the defendant to be domiciled in this state.
It is well settled that the terms "domicile" and "residence" are not synonymous. A person may have many residences, but only one domicile. One's domicile is the principal establishment wherein he makes his habitual residence. LSA-C.C. article 38. Domicile essentially consists of two elements; residence and an intent to remain indefinitely in the place. In LaFleur v. Seaboard Fire & Marine Insurance Co., 296 So.2d 860 (La.App. 3rd Cir. 1974) we observed the following principles of law regarding domicile:
Everyone has a domicile of origin which he retains until he acquires another. Texana Oil & Refining Co. v. Belchic, 150 La. 88, 90 So. 522 (1922); Rappeport v. Patten, 3 So.2d 909 (La.App. 2 Cir. 1941). One who asserts that there has been a change of domicile has the burden of proving that change. Cannon v. Cannon, 242 So.2d 291 (La.App. 4 Cir. 1970). So long as a reasonable doubt remains, however, the presumption is that the previously established domicile of the person, or his domicile of origin, has not been changed. Succession of Barger, 217 So.2d 779 (La.App. 4 Cir. 1969).
From the above, we note that Mr. Regions' domicile of origin is Louisiana, and he bears the burden of proving the change to Texas. If there exists a reasonable doubt, it must be presumed that his domicile has not been changed.
The facts reflect that on the day suit was filed the defendant was still employed by Trunkline Gas Company in Pollock. On the day after the suit was filed the appellant telephoned his employer. He requested, and was granted, twenty-five days of paid vacation, which he had earned during the previous year. The defendant was still the Mayor of Pollock as well as Commissioner of Indian Affairs at the time the suit was filed.
Even if we were satisfied that the appellant left Louisiana with the intent of never returning, this would not be sufficient to effect a new domicile. One does not lose his domicile of origin until he affirmatively establishes a new one. More is needed than merely the rejection of the old domicile. However, because of his failure to completely cut his ties from Pollock when he left, we do entertain doubt as to his motives at that precise time. There is doubt that he intended to permanently leave Pollock, or that he had positively determined to locate in Texas. That defendant did remain in Texas does not by that fact alone, prove his original intentions. The trial court had substantial doubts as to defendant's original motivation in leaving Pollock. Defendant's intentions must be determined at the time suit was filed.
A case dealing with determination of a party's domicile, usually involves balancing of facts and circumstances to determine the party's intent. This case is typical of one in which such balancing is necessary. Several factors in this case argue persuasively that defendant did have a real intent for a change of domicile.
Some of those factors include the following. Three weeks before he left Mr. Regions had discussed a possible transfer to Texas by the company he worked for, on *923 March 12, (three days before he left) he had opened a bank account in Texas, and upon arriving in Texas, Marion D. Regions immediately began looking for a home and applied for a telephone.
Defendant-appellant Marion D. Regions also places great emphasis on his contention that of nine witnesses, seven said they felt he would not return to Pollock, and the other two witnesses were not in a position to have personal knowledge of the issue. Although this is persuasive, we feel that it is mere speculation on the part of the townspeople and that it does not overcome the evidence in favor of Wylene Walker Regions.
Still other facts are cited by Mr. Regions to show his intent to remain permanently in Texas, but we conclude that when all the facts are considered, the judge's determination was reasonable, and we agree with it.
The trial court's determination was essentially factual in nature. We must give great weight to the factual conclusions of the trier of fact and should not reverse absent a finding of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). Manifestly erroneous in its simplest terms means clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We find that the record amply supports the finding of the trial court and must be affirmed.
For the above reasons, the judgment of the trial court is affirmed. All costs are taxed to the defendant-appellant.
AFFIRMED.