MOTION TO DISMISS
STOKER, Judge.
The appellee, Mrs. Curtis Harrington, moves to dismiss the appeal of appellant, Edith N. Williams, Administratrix of the Succession of Mattie Thompson, on the *459 ground that the judgment appealed from is an interlocutory judgment which does not cause irreparable injury.
The decedent’s, Mrs. Mattie Smith Thompson’s, succession was opened in Ca-tahoula Parish, where the decedent died on April 8, 1985. The appellee filed an exception of improper venue alleging the succession should be opened in LaSalle Parish where the decedent was domiciled.
The Exception of Improper Venue was heard on November 25, 1985. The trial court sustained the exception by finding that the decedent was domiciled in LaSalle Parish at the time of her death and ordered the matter transferred to the Twenty-Eighth Judicial District Court, Parish of LaSalle, Louisiana.
The appellant perfected an appeal from the judgment sustaining the exception of venue. The appellee has moved to dismiss the appeal on the ground that the judgment appealed from is interlocutory and causes no irreparable injury.
LSA-C.C.P. Art. 2083 provides in pertinent part:
“An appeal may be taken ... from an interlocutory judgment which may cause irreparable injury.”
In Hebert v. Myers, 449 So.2d 185 (La.App. 3rd Cir.1984), this Court stated:
An exception of venue is one that causes irreparable injury because the appellate court has no practical means of correcting the error on appeal after a trial on the merits. Herlitz Construction Company Inc. v. Hotel Investors of New Iberia, Inc., et al, 396 So.2d 878 (La.1981); Erdey v. American Honda Company, et al., 404 So.2d 1351 (La.App. 1st Cir.1981).
In succession proceedings, venue and jurisdiction are specifically governed by LSA-C.C.P. Article 2811 which provides in pertinent part:
A proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death....
Unlike the venue provisions of other proceedings, the venue provisions of LSA-C. C.P. Article 2811 are mandatory and may not be waived. LSA-C.C.P. Article 44. Also, if the decedent was not domiciled in the parish where the succession is opened at the time of his death, then the civil district court of that parish would have no jurisdiction over the matter and the entire proceeding would be null, void, and without effect. Succession of Dancie, 186 So. 14 (La.1939).
Therefore, in succession proceedings, a judgment on an exception of venue causes irreparable injury as the appellate court has no practical means of correcting the error on appeal after a trial on the merits. Accordingly, the appellee’s motion to dismiss the appeal is denied at appellee’s cost.
MOTION DENIED.