G. WILLIAM SWIFT, Judge Pro Tern.
John Richard Dornstadter, a major with the United States Army stationed at Fort Polk in Leesville, Louisiana, and his wife, Donna, the defendants, entered into an agreement with Harry McDaniel and wife in January 1986 for the purchase of their home in Vernon Parish. The Dornstadter family moved therein the following March. In August 1986 plaintiff, the real estate agent involved, notified the parties that the deal was ready for closing as the defendants’ loan had been approved. Shortly thereafter Dornstadter moved out of the McDaniel house and bought another home in DeRidder, Beauregard Parish, Louisiana, defaulting on his obligation to McDaniel.
The McDaniels are not parties to this suit. Only the real estate agent involved has sued the defendants to recover the commission it lost due to their default on the McDaniel’s purchase agreement.
The Dornstadters filed an exception of venue which the trial court overruled and the plaintiff appealed.
The suit was filed in Vernon Parish under La.C.C.P. Art. 71, which would be proper venue if defendant was a domiciliary of Louisiana. However, defendant claims he *755 is not domiciled in Louisiana, but in Texas, and therefore under La.C.C.P. Art. 42(1) he must be sued in Beauregard Parish where he now resides.
Defendant testified that he is domiciled in Dennison, Grayson County, Texas, his home when he entered the military service in 1971, as listed in his military record, and he has done nothing to change same. He also said he and his wife were married in Grayson County and were registered to vote there. He admitted however that he had not resided in Dennison since he joined the Army. He further stated that there is no Army base there, and he has no present plans to move back to Dennison. The trial court concluded that the defendant was domiciled in Louisiana and, having changed his domicile to Beauregard from Vernon Parish within the year without filing the necessary declaration of intention for such change provided by La.C.C.P. Art. 71, overruled his exception. We reverse.
Ordinarily, an application for a supervisory writ from an erroneous ruling or an interlocutory judgment is the proper remedy, rather than an appeal. However, since the error complained of has been held to be irreparable injury we will consider the merits of this appeal. Lapeyrouse v. United Services Auto Ass’n, 503 So.2d 627 (La.App. 4 Cir.1987); Succession of Thompson v. Harrington, 489 So.2d 458 (La.App. 3 Cir.1986), 502 So.2d 229 (La.App. 3 Cir.1987); Hebert v. Myers, 449 So.2d 185 (La.App. 3 Cir.1984).
La.C.C.P. Article 42 reads in part:
“The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.’’ (Emphasis added.)
However, among the exceptions listed is La.C.C.P. Article 71 which provides:
“An action against an individual who has changed his domicile from one parish to another may be brought in either parish for a period of one year from the date of the change, unless he has filed a declaration of intention to change his domicile, in the manner provided by law.”
Thus under Article 42 suit normally must be filed in the parish of the defendant’s domicile. However, Article 71 also permits the filing in the parish where the defendant was previously domiciled up to one year from the date of the move unless defendant has filed a declaration to change the domicile as provided in La.C.C. Art. 42. But this alternative venue is only proper if the defendant is domiciled in Louisiana. If he is not domiciled in this state, but only resides here, it does not apply. That part of Art. 42(1) reading “... if he resides but is not domiciled in the state, in the parish of his residence” would be applicable.
The question which we are called upon to determine is where Major Dornstadter, who has been a member of the military service continuously since 1971, is domiciled.
Domicile is generally defined as the parish where a citizen has his principal establishment. The principal establishment requirement consists of two elements: (1) a residence in this state, and (2) an intent to remain at this residence until a change of domicile takes place. Messer v. London, 438 So.2d 546 (La.1983); Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955); Regions v. Regions, 381 So.2d 920 (La.App. 3 Cir.1980); Temple v. Jackson, 376 So.2d 972 (La.App. 1 Cir.1979).
The defendants cite King v. King, 173 So.2d 882 (La.App. 4 Cir.1965) to support the contention that their domicile is Denni-son, Texas. The plaintiff in King was a military person who sought the jurisdiction of the Louisiana courts to divorce his estranged wife. Mr. King was stationed in Louisiana on orders, not by freedom of choice. In affirming an exception dismissing the suit, the Fourth Circuit stated:
“Residence in a state under military compulsion does not satisfy the requirement of a domicile of choice, in the absence of acts and circumstances clearly revealing an intention to establish a domicile therein. While a person’s statements are admissible as evidence of his intention to establish a domicile in a particular place, it is the obligations of the court to evaluate all of the circum *756 stances thereof, together with the person’s entire course of conduct, in order to ascertain whether he actually intends to remain there and make that place his domicile.” (Footnote omitted. Emphasis added.)
Again, in Gowins v. Gowins, 466 So.2d 32 (La.1985), the Supreme Court stated: “There is a presumption against a change in domicile and one who acquires a new domicile has the burden of proving the change.”
We recognize and concur with the established jurisprudence of this state that military personnel retain their pre-military domicile until they clearly act in such fashion as to meet domicile requirements elsewhere and we are convinced the acts and circumstances disclosed by this record were insufficient to establish that the defendants ever intended to change their domicile from Texas to Louisiana.
We therefore find the trial court erred in overruling defendants’ exception of improper venue.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the district court to either dismiss this suit or transfer it to the court of proper venue, pursuant to La.C.C.P. Art. 121. All costs of this appeal are to be taxed against the plaintiffs.
REVERSED AND REMANDED.